[No. 3795.]

WILKINS ET AL. v. ABELL ET AL.

MINES AND MINING—MECHANIC'S LIEN—LANDLORD AND TENANT.
A mechanic's lien will not attach to the interest of the owner of a mine, for work done or material furnished in working or developing the mine, where the work is done or material furnished at the instance of or under contract with one whose only interest is that of lessee.

*Error to the County Court of Clear Creek County.*

THIS action was brought by the defendants in error in the

county court of Clear Creek county to recover a money judgment against the plaintiffs in error, and to enforce a miner's lien. The facts upon which the right to this relief was predicated, as alleged in the complaint, are substantially as follows:

That the plaintiffs in error, John Wilkins and C. J. Allen, are the owners of the Vesuvius lode mining claim, situate in Clear Creek county, Colorado; and that John Scudder was the lessee of said mining claim; that on April 27, 1896, the defendants in error entered into a written agreement with Scudder to drive the lower level on the Vesuvius mine 100 feet, at $6.00 per foot; that they performed the agreement on their part, and had received therefor only the sum of $350, and the balance of $250 due upon the contract was unpaid; that within sixty days of the completion of the contract, for the purpose of perfecting a lien for the money due, they filed for record in the office of the clerk and recorder of Clear Creek county, a duly verified statement of lien; that they served upon Allen and Scudder a written notice of their intention to file their claim for lien and statement of lien twenty-four hours before filing same; pray for judgment for the amount expended for recording lien statement, the balance due on the contract, and $100 for attorney's fee. Scudder did not appear. Wilkins and Allen demurred to the complaint upon the ground, *inter alia*, that the complaint did not state facts sufficient to constitute a cause of action. The demurrers were overruled, and judgment rendered in favor of defendants in error, against Scudder, for the sum of $364.98 and for a lien upon the Vesuvius lode mining claim, the property of Wilkins and Allen, for the sum of $250 damages, $100 attorney's fee, $2.50 expenses, and $16.17 costs of suit. It was further adjudged and decreed that said lode claim be sold to satisfy the same. To reverse the decree in so far as it adjudges a lien against their property, Wilkins and Allen bring the case here on error.

Mr. EDWARD L. REGENNITTER, for plaintiffs in error.

Mr. EDWARD C. MASON, for defendants in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

The question presented for our consideration is whether or not the lien created by section 8 of our mechanic's lien act, as amended in 1895, Session Laws, 1895, p. 202, in favor of persons who shall do work or furnish material for the working, preservation or development of mines, attaches to and binds the interest or estate of the owner of a mine, in favor of persons employed by one who has leased the mine from the owner, and at the time the employment was made and the work done had no other interest in the property except that of a lessee.    The section as amended reads as follows:

"Section 8. The provisions of this act shall apply to all persons who shall do work, or shall furnish material for the working, preservation, or development of any mine, lode or mining claim, or deposit yielding metals or minerals of any kind, or for the working, preservation or development of any such mine, lode or deposit, in search of such metals or minerals; and to all persons who shall do work or furnish materials upon any shaft, tunnel, incline, adit, drift or draining of any such mine, lode or deposit; Provided, that when two or more lodes, mines or deposits, owned or claimed by the same person or persons, shall be worked through a common shaft, tunnel, incline, adit, drift or other excavation, then all the mines, lodes or deposits so worked shall, for the purpose of this act, be deemed one mine; and Provided further, That this section shall not be deemed to apply to the owner or owners of any mine, lode, deposit, shaft, tunnel, incline, adit, drift or other excavation, who shall lease the same in small blocks of ground to one or more sets of lessees."

The provisions of the act referred to are found in section 1 of the act of 1893, p. 315, Session Laws, 1893, which provides, *inter alia:* "Mechanics, material men, contractors, subcontractors, builders and all persons of every class * * * shall have a lien upon the property upon which they have rendered

service or bestowed labor or furnished materials, * * * whether at the instance of the owner, or of any other person acting by his authority or under him, as agent, contractor, or otherwise."

The obvious purpose of section 8, when read in connection with these provisions, is to give a lien on mining property upon the same conditions that a lien attaches to other property; that is, that the services rendered, for which a lien is provided thereby, must be such as were rendered at the instance of the owner, or some one of the enumerated persons acting for him. In other words, the lien is founded on a contract with the owner, either directly, or indirectly. In the case of subcontractors, material men and laborers, a lien is upheld because of the implied authority given by the owner to the contractor to employ such labor and procure the material necessary to carry out his contract. The lien must be founded " on contract with the owner either directly or indirectly; for it is only thus that one man can ever acquire a claim upon the property of another." Phillips, Mech. Liens, §§ 58, 65; *Miller v. Hollingsworth,* 33 Ia. 224; *Hopkins et al. v. Hudson et al.,* 107 Ind. 191; Overton on Law of Liens, § 538.

No such relation exists between a lessor and lessee. The lessee is in no sense the agent or superintendent of the lessor, nor is he a contractor in the contemplation of the statute. *Harman v. Allen,* 11 Ga. 45; *Gould v. Wise,* 18 Nev. 253; *Moore v. Vaughn,* 42 Neb. 696; *Waterman v. Stout,* 38 Neb. 396; *Coburn v. Stephens,* 137 Ind. 683. He is not employed by the lessor to do any work for him; but by the demise he acquires a qualified interest in the property, which entitles him to work the same for his own benefit. As was said in *Hopkins v. Hudson, supra:*

" No analogy can be maintained between the case of a contractor who is supposed to possess implied authority to bind the property of the owner, to the extent of subjecting it to a lien imposed by law in favor of subcontractors, and material men, and that of a tenant or lessee who has no such author-

ity. In the one case the relation warrants the inference of authority. In the other no authority is implied. The extent of the power or authority of the lessee is to bind such interest, and such only, as he possesses in the property. Unless an actual agency is established, the interest of the lessee alone is chargeable." *Wilkerson v. Rust,* 57 Ind. 172; *McCarty v. Burnet,* 84 Ind. 23; *Muldoon v. Pitt,* 54 N. Y. 269; Kneeland, Mech. Liens, § 43.

"In general, the interest of a lessor cannot be subjected by the lessee to a mechanic's lien for work done or materials furnished on the contract of the lessee, or of any one claiming under him. To bind the lessor's interest, his agreement or consent must be shown; neither his agreement nor consent can be implied from the relation existing between him and the lessee." 2 Jones on Liens, § 1276.

It seems clear, therefore, that an employment by a lessee does not constitute the employment contemplated by the statute; and there is nothing in the purview of the act which subjects the owner's interest in the fee to a lien for an endebtedness incurred by the lessee. But it is contended that, by virtue of the proviso adopted in the amendment to section 8 in 1895, the owner of the fee is liable, unless he leases the mine "in small blocks of ground to one or more sets of lessees."

The office of a proviso is not to enlarge or extend, but rather to put a limitation or restraint upon the language which the lawmaker has used in the body of the act. It excepts something from, but adds nothing to the act. *People ex rel. Valiente v. Dyckman,* 24 How. Prac. Rep. 222; *Huddleston v. Francis,* 124 Ill. 195; *Minis v. U. S.,* 15 Peters, 423.

Hence this proviso of itself cannot be construed to give any lien that does not exist by virtue of the affirmative provisions of the act. We think that under the facts disclosed in this record, the court below erred in holding that defendants in error were entitled to a lien against the property of Wilkins and Allen, for the amount due them from Scudder; and the judgment is accordingly reversed and the cause remanded, with direction to dismiss the action as to them.

*Reversed.*