Bissell, P. J.
There is a necessity to determine but one proposition to dispose of this appeal. The decision has been postponed to await an adjudication by the supreme court. It has been announced and we shall simply follow it without further analysis or discussion. We find within the limits of the amended abstract sufficient material to enable us to apply the law. *241 There are a great many preliminary questions urged or rather a great many matters suggested as a bar to our consideration of the matter, resting wholly on the theory that the plaintiff had failed to observe the rules and the law in the prosecution of this error. The sufficiency of the record and of the abstract are attacked, and on these premises the defendant seeks to hold a judgment to which he is manifestly not entitled, and which would work a gross injustice to the plaintiff in error. We do not believe the case so stands as to require us to permit it. The parties entered into a stipulation which we find among the files which properly construed forecloses all this discussion. According to the terms of that agreement this cause was submitted for final hearing on the amended abstract. We therefore need only look to it to ascertain whether enough facts are presented to entitle us to hear the cause and determine it. Of this there is no question. 'The principal difficulty urged respects the fact that the complaint as printed in the abstract sets out a portion of the causes of action. It is quite clear the action was brought to foreclose a supposed mechanic’s lien filed to secure the payment of the wages of divers workmen who had been engaged on the property. The claims were numerous, being some thirty in number, and of course, the complaint contained, as filed, some thirty causes of action, each being a duplicate of the others, save as to the dates and amounts. In preparing the abstract but two causes were stated, but thereinafter it appears that all the other causes from the third to the thirtieth inclusive were a repetition of the two, save as to the names of the parties and the amounts. This is enough for the purposes of an abstract to enable this court to pass on the suggested question. It can hardly be necessary in preparing an abstract for use in this court, where the complaint contains thirty exactly similar causes of action, that the appellant or plaintiff in error should print the complaint in its entirety. It is enough that he state one cause of action and follow it with the statement that the remaining twenty-nine are precisely similar, save as to dates and amounts, and if there and therefrom we are able to dis *242 cover the questions involved, it surety ought to be a compliance with the rules of the court. Were the law otherwise and the case was reversed, the appellee would be put to a large amount of unnecessary cost. It may be true the certificate of the clerk of the court would not under some circumstances be enough to establish the fact, but the recital in the abstract on which the defendant agreed to submit the case concludes him on the question and renders the abstract ample for the purposes of the decision.
Having disposed of this preliminary question, which is the principal basis of the defendant in error’s argument, we come to the substantial controversy.
According to the complaint the Little Valeria Gold Mining and Milling Company owned a mining claim in the Cripple Creek district. In 1895 it leased the property to McFeety who subleased to the Cardinal Gold Mining Company. While this lease was in force the Cardinal Gold Mining Company was in undisputed possession of the entire claim. During the term, and in accordance with its provisions, this company employed the various parties whose claims were set up to work as miners at an agreed price, and they worked for a certain specified number of days. Their claims were not paid and on the 11th of April they filed with the recorder a statement of their claim for work and labor, setting up as we assume a mechanic’s lien valid in form and probably legal in substance, except as against the Little Valeria Gold Mining and Milling Company. The defendants took issue and when the case came on for trial a motion for judgment on the pleadings was put in by the Little Valeria Mining and Milling Company, denied by the court, which afterwards rendered judgment and entered a decree giving the plaintiff and his assignors a lien on the property of the Little Valeria Gold Mining and Milling Company as well as a personal judgment against sundry of the parties. The property was ordered sold and the Little Valeria Mining and Milling Company prosecutes this error.
This statement is sufficient to bring the case fully and *243 clearly within the Wilkins case, and compels us to reverse the judgment. Wilkins et al. v. Abell et al., 26 Colo. 462. According to the law therein stated miners who work for lessees may not have a lien on the property of the lessor simply because they were hired by the lessee and worked on the property. There must be some showing to the point that, the owner of the realty was in some manner obligated, either because he was a privy and party to the contract of employment, or because in some other way than by the lease he authorized the lessee to contract, or because the agreement by its terms gave the lessee authority. The complaint stated no cause of action on a mechanic’s lien, the plaintiff was not entitled to the judgment which he obtained, it is not a lien on the property and the plaintiff’s only remedy is against the persons who hired him.
For these reasons the judgment entered will be reversed and the cause sent back for further proceedings in conformity with this opinion.

Reversed.