Thomson, J.
The appellant brought this suit to enforce an alleged mechanic’s lien against mining property of The Princess Gold Mining Company. The complaint averred the sale by the plaintiff to certain persons who were working the property under a lease and option to purchase, executed to them by the mining company, of materials and articles necessary in mining operations, all of which were purchased to be used, and were used, by those persons, in and about the property. The lessees and The Princess Gold Mining Company were made defendants. Default was made by all the defendants, and judgment was entered as prayed in the complaint. The date of entry of the judgment was July 26, 1897.
*56 On the 3d day of September, 1897, that being the last day of the May term of the court, 1897, The Princess Gold Mining Company filed its motion in the cause to vacate the judgment, and for leave to file its answer, for the reason, as alleged in an affidavit made in support of the motion, that it had entrusted one of its codefendants with the filing of its answer, together with theirs, and that, relying upon his agreement so to do, it had given no further attention to the case, and did not know that its answer had not been filed until after the rendition of the judgment. The court denied the motion. The Princess Company prayed, and was allowed, an appeal from the ruling; and upon its filing its appeal bond, an execution, which had been issued, was recalled. Afterwards, on the 8th day of November, 1897, the Princess Company applied to the court to set aside its order, denying the motion to vacate the judgment, and to rehear the motion, and permit the company to answer. The application was allowed, the order vacated, the ’ default set aside, five days given the company for answer, and ten days, after receiving a copy, for the plaintiff to reply. The answer denied that the lessees, by the terms of their lease or their option, had any right, power or authority to charge against the property of the company, any indebtedness of any kind contracted by them. The answer required no replication. On motion of the company, the court entered judgment in its favor on the pleadings. The plaintiff has appealed to this court.
The motion to vacate the judgment was filed on the last day of the term, but notice of its filing was not given to the plaintiff until after the commencement of the next term. Until the notice was given, there was no motion, so that this motion was a motion of the term following the judgment. For the plaintiff it is contended that the court was without power to open the judgment after the lapse of the term at which it was rendered, and that hence, its action in undertaking to vacate it was nugatory. If there is no statute applicable to the case, authorizing applications like this not *57 withstanding the expiration of the term, we must concede counsel’s position. But section 75 of the Code provides that the court may, upon affidavit showing good cause therefor, after notice to the adverse party, relieve a party from a judgment taken against him through mistake, inadvertence, surprise or excusable neglect; and that when, for any cause satisfactory to the court, or the judge at chambers, the party has been unable to apply for the relief sought during the term at which the judgment was taken, the court, or judge at chambers, may grant tire relief, upon application made within six months after the adjournment of the term. Now this motion to vacate the judgment for the reasons set forth in the affidavit, was an application to relieve the Princess Company from a judgment taken against it through its alleged mistake, inadvertence, or excusable neglect. The application, so far as its form was concerned, was in conformity with the Code provision. Whether the affidavit showed good cause for the relief asked, and whether it was filed in time, are questions we shall look into farther on.
Certain terms employed in an act of the legislature, approved April 13, 1895, and purporting to amend the mechanics’ lien law, then existing, gave rise to a supposition that the purpose of the act was to create a lien against mining premises, in favor of parties doing work upon, or furnishing materials for, the mine, by contract with persons working the property under lease. Session Laws, 1895, p. 202. But in Wilkins v. Abell, 26 Colo. 462, it was decided that such interpretation of the law was not warranted, and that no lien could attach to the interest of an owner, on account of work done for, or materials furnished to, lessees. That decision was followed by this court in Mining and Milling Co. v. Ingersoll, 14 Colo. App. 240; 59 Pac. Rep. 970. The complaint before us, therefore, did not state a cause of action, in so far as this appellee or its property was concerned.
To authorize the making of an application to set aside a judgment after the lapse of the term, the inability of the party to present it during the term, must be made to appear *58 to the satisfaction of the court or the judge. Proof of want of knowledge of the judgment, or want of facts which would charge the party with knowledge, would amount to proof of inability to act. Want of knowledge was alleged here, and' if the showing was otherwise sufficient, we think the motion came in apt time.
We must concede that the affidavit does not present very satisfactory reasons for the relief asked by the motion. The appellee evidently rested easy while the default and judgment were going against it, in the expectation that its codefendants would embrace it in an answer which it was supposed they would make, and which expectation and supposition were based upon an agreement with one of them. Its confidence in its codefendants, as the event proved, was misplaced; and, speaking generally, it would be difficult to say that the appellee exercised ordinary prudence in thus turning its defense over to another, and leaving it in his charge without further inquiry; or that the default and judgment were not, after all, the result of its own negligence. But motions like these are addressed to the sound discretion of the trial court, and unless it is clear that its discretion has been abused, appellate courts are disposed to leave its judgment undisturbed. Now, however faulty the affidavit may be, and whatever, under a different state of facts we might feel it our duty to declare concerning it, we certainly shall not condemn the action of the court upon it, as an abuse of discretion, when the complaint shows upon its face that the purpose of the suit was to subject the property of the appellee to the payment of a debt which it never contracted or authorized, and which was not contracted for its benefit.' Since the complaint was insufficient to support the judgment that was rendered, and the effect of the judgment, if suffered to stand, would have been positive injustice, we are not disposed to inquire very closely into the showing upon which the court moved.
But it is said that by the company’s appeal from the order denying the motion to set aside the judgment, the court lost *59 jurisdiction of the case, and had no power afterwards to entertain a motion for a review of its decision. If the appeal had been taken from the judgment,' such might have been its effect; but there was no appeal from the judgment.’ The following is the record entry:
“ At this day, in open court, comes the said defendant, The Princess Gold Mining Company, by, Gunnell & Hamlin, its attorneys, and prays an appeal to the court of appeals of the state of Colorado, from the order denying the motion of said The Princess Gold Mining Company, to set aside the judgment heretofore entered herein, which is allowed upon condition that it file herein, on this day, its appeal bond in the sum of $2,500, with sureties to be approved by the clerk of this court.”
There can be no appeal to this court except from a final judgment. A mere order cannot be the subject of an appeal. The judgment had been rendered; it was final; and it.was from it only that an appeal could be taken. For any purpose of an appeal, no motion to set the judgment aside was necessary. Mills’ Ann. Code, § 393. The court had no authority to allow an appeal from the order. The allowance of the appeal, and whatever was done in pursuance of the allowance, were nullities. There was no appeal, and the jurisdiction which the court had when the appeal was attempted, remained. The motion for a review of the former decision was made and determined before the court had lost control of the record ; and whatever difference of opinion there might be concerning the propriety of its action, there is no room for a jurisdictional question. While the court still had possession of the case, with full power to dispose of any and all questions which might be raised touching the regularity or correctness of the proceedings, the court reversed itself and rendered the judgment’it ought to have given at first, and the judgment we should have given if the case had come to us for review. We see no error in that.
The judgment is affirmed.

Affirmed.