[No. 4127.]

# THE ANTLERS PARK REGENT MINING CO. v. CUNNINGHAM ET AL.

[No. 4132.]

# THE ANTLERS PARK REGENT MINING CO. v. VINCENT.

1. MECHANICS' LIENS—ATTORNEYS' FEES—CONSTITUTIONAL LAW.

That part of the mechanics' lien act which provides for taxing a fee for plaintiff's attorney as costs in all suits for foreclosure in which plaintiff shall obtain a judgment and decree for foreclosure, is unconstitutional and void.

2. MECHANICS' LIENS—MINES AND MINING—LESSOR AND LESSEE.

A mechanics' lien will not attach to the interest of the owner of a mine for work done or material furnished in working or developing the mine, where the work is done or material furnished at the instance of, or under contract with, one whose interest in the mine and relation to the owner is that of a lessee only.

3. SAME—PRINCIPAL AND AGENT.

A mine lease stipulated as part of the consideration that the lessee should erect on the leased premises certain specified improvements and that all permanent improvements erected or placed upon the property by the lessee should at the expiration of the lease become the property of the lessor without further consideration. Without deciding whether or not the stipulation in the lease made the lessee the agent of the lessor in the erection of the specified improvements so as to make the interest of the lessor in the mine subject to a mechanic's lien for work done or material furnished in the erection thereof; it is held that the lessor's interest is not subject to a mechanic's lien for work performed or material furnished in the working or developing the mine other than in the erection of the specified improvements, and where it does not appear what part, if any, of the labor performed or material furnished was actually performed or furnished in the erection of the improvements specified in the lease a mechanic's lien can not be asserted therefor on the interest of the lessor.

4. MECHANICS' LIENS—MINES AND MINING—LESSOR AND LESSEE— APPELLATE PRACTICE—CORPORATIONS.

A mechanic's lien can not be sustained in the supreme court on the interest of the lessor of a mine for labor performed and material furnished at the instance of the lessee upon the theory that the lessor and lessee though different corporate entities are practically identical in their personnel, where the right to the lien was not attempted to be based upon that proposition in the lower court but the lien was decreed olely upon the theory that the interest of the lessor was subject to the

lien for labor performed and material furnished at the instance of the lessee. The consideration of a case can not be invoked in the appellate court that was not pleaded or attempted to be made in the 'ower court.

*Appeals from the District Court of Mineral County.*

These actions were commenced by the respective appellees to foreclose mechanics' liens upon mining property the title to which is vested in appellant. The latter was the lessor of the premises upon which the liens are claimed. The work performed and materials furnished on account of which the liens are asserted were performed and furnished at the instance of the lessee. From a judgment establishing liens upon the title of the lessor in the leased premises for the amount of the claims of the respective appellees, with attorney's fees, the lessor brings the cases here for review on appeal. The legal questions involved in each case are the same, and the premises having been operated by the lessee under one and the same lease, the causes were argued and submitted together, and will be disposed of in one opinion.

Mr. W. H. BRYANT and Mr. C. H. PIERCE, for appellant.

Mr. ALBERT L. MOSES and Mr. J. C. HELM, for appellees.

Mr. JUSTICE GABBERT delivered the opinion of th court.

In *Davidson v. Jennings*, 27 Colo. 187, it was expressly held that the part of the mechanics' lien act which provides for the taxing of a fee for plaintiff's attorney as costs in all suits of foreclosure of such

liens in which plaintiff shall obtain a judgment and decree of foreclosure, is unconstitutional and void. The question is so fully discussed in that case, and the reasons given for the conclusion so clear and satisfactory, that it is unnecessary to rediscuss it here.

Since these causes were tried below, this court, in *Wilkins v. Abell*, 26 Colo. 462, has determined that under the law by virtue of which the liens in question are asserted, a mechanic's lien will not attach to the interest of the owner of a mine for work done or material furnished in working or developing the mine where the work is done or material furnished at the instance of, or under contract with, one whose interest in the demised premises and relation to the lessor is that of lessee only. We are now urged to reconsider the ruling in that case. This we must decline to do. Liens of the character under consideration are purely creatures of the statute. They neither exist nor can be enforced, except in cases falling within its purview. The conclusion announced in *Wilkins v. Abell, supra*, is so manifestly sound, so fully supported by the authorities cited, and the reasoning adopted in construing the statute so convincing, that nothing can be gained by a further discussion of the question at this time.

It is claimed, however, on behalf of the appellees, that their cases are distinguishable from *Wilkins v. Abell*, because of the peculiar terms and conditions of the lease under which the lessee operated the mining premises against which the liens are sought to be established. The lease in question provides, in substance, that as a part consideration for its execution, the lessee shall erect upon the leased premises a mill for the treatment of the ore mined from the property of a capacity not less than what is known

and understood as a ten-stamp mill, and that the mill and all machinery, boilers, pumps, shaft-houses, buildings, or other permanent improvements erected or placed upon the property by the lessee during the term of the lease shall, at its expiration, become the property of the lessor without further compensation. Its other provisions are such as are ordinarily incorporated in mining leases. At least, it contains no others authorizing the lessee to make any specific improvements upon the leased premises. Counsel for appellees contend that inasmuch as, by the express terms of the lease, the lessee was required to erect a mill, therefore it became the agent of the lessor for this purpose, and hence, for the expenses incurred in erecting this mill, a lien would attach to the title of the lessor. In support of this proposition we are cited to *Shapleigh v. Hull*, 21 Colo. 419, and *Colorado Iron Works v. Taylor*, 12 Colo. App. 451. In each of these cases it was held that under a contract of sale of real estate, which requires the purchaser to make certain improvements, the purchaser becomes the agent of the vendor for the purpose of making such improvements; and that the title of both vendor and vendee is subject to a lien for the materials furnished and labor performed in erecting the improvements specified in the contract of sale. Whether or not the principle upon which these cases were decided would be applicable as between lessor and lessee under a lease which required the lessee to erect certain improvements, is not presented. If it does apply, then it certainly must appear that the materials furnished or the labor performed were actually furnished or performed in the construction of the improvements specified in the lease.

In the case of Cunningham and Sloan the lien is

claimed on account of lumber and cord-wood furnished to the lessee. It nowhere appears what part of the lumber was used in the construction of the mill, or what part of the account is for lumber or what part for wood. The only testimony on the subject is that of Mr. Sloan, who states that the firewood was used for making steam for hoisting; that the lumber was all used for the mill and in the mine, but he does not know what proportion was used in either; so, conceding that these parties might be entitled to a lien for the lumber used in the erection of the mill, a lien on this account cannot be decreed for any lumber except that used for this purpose. In the absence of any testimony showing what amount of lumber had been used in the mill, when it was admitted that part of it had been used in the mine, and the lumber and wood items not being stated separately, it is impossible to determine what, if any, sum should have been decreed as a lien upon the title of the lessor, even if the theory of counsel for appellees is correct. It does not appear from the terms of the lease that the lessee was required to make any specific improvements in the mine, on account of which any part of the lumber in question was used. The cord-wood was only used in the ordinary operation of the mine, without respect to any particular improvements or work.

In the Vincent case it appears that the lien claimed was on account of labor performed at the instance and request of the lessee, evidenced by sundry time checks issued to its employes and assigned to Mr. Vincent. Where such labor was performed is not stated in the testimony, except in a general way that it was upon and about the leased premises. Therefore no lien can be asserted on this account, for,

although the proposition of counsel for appellees may be correct, the mere fact that the lease contains a provision which requires the lessee to erect a mill, a lien could not in any circumstances attach to the interests of the lessor except for materials furnished and labor performed in the erection of that structure. In other words, if the proposition of counsel is tenable, such a provision would not render the title of the lessor in the leased premises subject to a lien for any materials furnished or labor performed in the operation or development of the mine which he was not expressly authorized and required to do, or of that nature which he would naturally do in operating the mine as a lessee.

It is also urged on behalf of appellees that although the lessor and lessee were different corporate entities, they were practically identical in their personnel, and that, therefore, the operations under the lease were, in effect, carried on by the lessor. From an examination of the record, it is apparent that appellees did not attempt to make a case based upon such a proposition. The pleadings were framed, the testimony introduced, the causes submitted, and judgments rendered solely upon the theory that under the lien law leased mining premises were subject to liens for indebtedness incurred by a lessee in working and operating them which would attach to the title of the lessor the same as though the latter had contracted such indebtedness. Appellees cannot invoke the consideration of a case which was neither pleaded nor attempted to be made below.

On behalf of appellant it is also urged that the lien law is unconstitutional as a whole, and that the respective complaints do not state a cause of action. From the views expressed, it is unnecessary to deter-

mine either of these questions, as, for the reasons already given, the judgments must be reversed.

The judgments are reversed as to the appellant, and the causes remanded for such further proceedings as are proper, and in harmony with this opinion.

*Reversed and remande*