[No. 4430.]

## THE PEOPLE EX REL. THE CALUMET GOLD M. & M. CO. v. DE FRANCE, ET AL.

1. PROHIBITION—FINAL JUDGMENT.

Where a final judgment in a case has been entered prohibition will not lie to prevent further proceedings in the case even though the court was without authority to enter the judgment, if the party agrieved has some other adequate remedy.

2. SAME—CERTIORARI.

Where a petition, designated, a petition for a writ of prohibition, is presented to the supreme court to prevent a trial court from proceeding to execute its judgment in a case in which final judgment has been entered, and the petition in substance contains all the requirements of a petition for certiorari and the parties waive all technical questions of pleading that might operate to dismiss the proceeding, the petition may be considered as a petition for certiorari.

3. MINES AND MINING—INSPECTION — JURISDICTION — STATUTORY CONSTRUCTION.

Section 364 of the code does not confer upon courts or judges any authority to make an order for the inspection or survey of a mine unless there is at the time an action pending in which the inspection or survey is necessary to protect the rights of the litigants.

*Original Application for Writ of Certiorari.*

Messrs. MORRISON & DESOTO and Mr. WM. A. DIER for petitioner.

Mr. E. S. REGINITTER for respondents.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

There has been filed by the relator in this court

what it designates a petition for a writ of prohibition. It alleges in substance that the respondent, The Old Town Mining and Milling Company heretofore, and in vacation, to its co-respondent the Hon. Allison H. DeFrance, judge of the district court of the first judicial district of this state, applied for and obtained, an order for an inspection and survey of a mining claim belonging to relator, at a time when there was no suit then or previously pending in any court, bringing into question the right or title to the premises described in the petition, or any other mine, lode or mining claim; that unless prevented by an order of this court, the judge will cause his order to be executed and compel the relator to submit to an examination, inspection and survey of its mine by the agents of the respondent company.

The only ground upon which this application is based is that, in the absence of an action pending, the court or judge was wholly without jurisdiction to make the order for an inspection and survey.

Upon the filing of the petition a rule to show cause was granted, and respondent's return thereto is a demurrer to the petition on the ground that it does not state facts entitling relator to any relief, accompanied by a motion to discharge the rule.

The proceeding before the district judge was predicated entirely upon the supposed authority contained in section 364 of the code of civil procedure. That section, so far as germane to the present discussion, reads:

"Whenever any person, company or corporation shall have any right to, or interest in any mine, lead, lode or mining claim, which is in the possession of another person, company or corporation, and for which a cause is pending in a court of record, bring-

ing into question the right or title to the same, and it
shall be necessary, for the ascertainment, enforce-
ment or protection of such right or interest, that
an inspection, examination or survey of such mine,
lead, lode or mining claim should be had or made,
*or whenever an inspection, examination or survey of
any mine, lead, lode or mining claim shall be necessary
to ascertain, protect or enforce the right or interest of
anv person, company or corporation in another mine,
lead, lode or mining claim* and the person, company
or corporation in possession of such mine, lead, lode
or mining claim, of which an inspection, examination
or survey is necessary, shall refuse, after three days'
demand thereof in writing, to allow  or  permit such
inspection, examination or survey to be had or made,
the party, company or corporation desiring an inspec-
tion, examination or survey of such mine, lead, lode
or mining claim, may present to  the district court or
the judge thereof, of the county wherein the mine,
lead, lode or mining claim, of which an inspection,
examination or survey is desired, is situated, a peti-
tion," &c.

Then follow specific provisions as to what the peti-
tion shall contain, with directions to the court or
judge to appoint a time and place for hearing the same,
and other directions for its execution are given in
case the order is granted.   The section closes as fol-
lows:   "Provided,   *   *   *   the costs of the pro-
ceeding shall abide the result of the suit."

1.   Under the facts disclosed by the petition, pro-
hibition does not lie.   Even though an inferior tri-
bunal proceeds without jurisdiction, it does not neces-
sarily follow that prohibition will  lie to prevent
further action if the party agrieved has some other
full and adequate remedy.   *People v. District Court,*

26 Colo. 386,; 16 Enc. Pl. & Pr. 1130, et seq. and cases cited.

No appeal or writ of error is authorized by the section. Yet the absence of these remedies does not, of itself, entitle petitioner to a writ of prohibition if there be left some other adequate and complete remedy. High's Ex. Legal Remedies (3d ed.), 767, *et seq.*

Looking to the substance rather than the form, we are satisfied that the petition in this case is substantially an application for the common law writ of certiorari. It contains all the requirements of a petition in which that remedy is invoked. A judgment has been rendered in the proceeding before the district judge, which settles the controversy; hence it is a final judgment. Both parties concede it and are willing, as we understand them, to waive all technical questions of pleading that might operate to dismiss this proceeding. It also appears from the petition that a complete record of what occurred before the judge in vacation has been lodged, and is now on file with the clerk of the court. Had there been no final judgment, or if such proceedings had not been made matter of record, it is possible that prohibition would lie. However that may be, we shall treat the present application as one for a writ of certiorari, and are of opinion that, under the facts, it affords a proper and complete remedy.

2. The question then recurs, did the district judge or court, in the absence of a suit pending, have jurisdiction to make the order for an inspection and survey of relator's mine? Respondents say that the fair construction of the ˉsection above quoted is that it is intended to cover two distinct classes of cases: *First,* an inspection and survey of a mine may be had where

there is a suit pending in court whereby some question is raised concerning the title thereto; and, *second,* where there is no suit pending, yet an inspection and survey of one mine is necessary to protect the interest of an owner of another mine so that the applicant therefor may become possessed of the necessary facts or evidence upon which to predicate an anticipated action in which the aid of a court will be invoked to protect his right or interest.

There is more or less ambiguity in the language employed in this section, and its meaning is not entirely free from doubt.    But construing the section as an entirety and in connection with kindred provisions of our statutory law, we think the intention of the general assembly may be gathered.   We find that sections 259 and 260 of the code and 3164 and 3176, 2 Mills' Ann. Stats., are statutes *in pari materia* relating to the examination and survey of real property, and all of them contemplate the pendency of an action before an inspection or survey is permitted. Counsel for petitioner here state as a historical fact that the clause in this section which we have italicized was inserted to meet a case not covered by any other provision of our statute at the time of its passage into an act.   They say that during some phase of the numerous suits in the somewhat famous litigation between the Dives and Pelican mines a number of years ago in this state it was found that in order for one or both of the parties to make out their case or cases an inspection and survey of another mine or mines than those involved in the controversy was necessary, and so the italicized clause was, at the instance of one of the counsel engaged in that controversy, inserted in our code to confer the authority theretofore lacking.   It would seem to be adequate

for that purpose, and the historical explanation is sufficiently plausible to account for its existence.

But whether or not it furnishes the true reason which occasioned action by the general assembly is not material; for following certain well known rules of construction, taking into consideration all the statutes *in pari materia*, and construing them together and with reference to the principles of the common law in force at the time of their passage, and so construing every part of these kindred statutes in connection with the whole as to make them all harmonious, if practicable, we think the intention of the general assembly was that no inspection, survey or examination of a mine could be had unless there was at the time a suit pending which made the same necessary or proper for the protection of the interests of litigants. If respondents' contention is right, there was no necessity for the first clause. For if the second clause authorizes an inspection, irrespective of the pendency of an action, then it would embrace every case where an inspection is necessary both where there is, and where there is not, an action pending.

We need not determine whether a court of equity has the power exercised by the judge below, independent of statute, for the respondents rely solely upon this section. Were there any uncertainty about the construction which we have placed on the section upon the canons referred to, the proviso would, to our minds, be conclusive in its favor. It says that the costs of the proceeding shall abide the result of the suit. Now, while every suit may, in a sense, be a proceeding, not every proceeding is a suit. The filing of an affidavit for an attachment in a pending action, or an application for a temporary writ of in-

junction, is a proceeding in a pending suit, but neither one of these is a suit. And when this proviso says that the costs of the the proceeding shall abide the result of the suit, these terms are not used as synonymous, but the language means that there must be at the time a suit pending touching the title or interest of a mine. And the proceeding for an inspection is simply ancillary or auxiliary to that suit, the costs of which must abide its result. Had the general Assembly intended that those costs should be taxed in a future suit, it would have required a suit to be brought; or that costs should be taxed in the proceeding itself, it would have been only natural to say that costs were to abide the result of that proceeding.

Counsel's citation of the case of *Wilkins et al. v. Abell et al,,* 26 Colo. 462, to the point that the office of a proviso is not to enlarge or extend, but rather to put a limitation or restraint upon the language which the law-maker has used in the body of the act, is unfortunate. It was held in that case that the general purpose of a proviso was to except something from, but not to add anything to, the act. Applying that rule to the construction of this section, and what is the result? According to respondents' contention the unrestricted language of the second general clause is comprehensive enough to authorize an inspection of a mine where there is no suit pending involving the right or title to it. Even if that should be conceded, then this proviso puts a limitation upon the body of the act and excepts from its operation cases in which no suit is pending; for it would be a useless provision to say that the costs of the proceeding shall abide the result of the suit unless there was a suit pending in which such costs could be taxed. There is not affixed to the granting of the order of

inspection, as a condition precedent, that a suit must thereafter be brought by the one applying for the order. There is no obligation imposed on him to do so. And if there is no pending suit, the proviso becomes, or may become, meaningless and wholly inoperative, because absence of suit, present or future, would prevent taxing, or compulsory payment, of costs of the proceeding.

The construction which we have given does no violence to the language of the section, but, as we think, is the obvious and natural one. It carries out the intention of the legislature and protects every legitimate right which an owner of a mine possesses. To give it the construction contended for by respondents would require us to disregard all other statutes of this state *in pari materia*, render nugatory the proviso, and open the door to an abuse of an extraordinary power which, though courts of equity may possess, nevertheless, when exercised by them, is surrounded by those safeguards which experience has shown could not be furnished if respondents' contention were adopted.

While not controlling, yet it is a circumstance worth noting that since the enactment of this section only two applications, so far as the present members of this court are advised, have been made in this state for the order when there was no suit pending upon which to base it.

The demurrer is overruled, the motion to discharge the rule to show cause is denied, the same is made absolute, and the temporary restraining order is made permanent.