[No. 5020.]
[No. 2571 C. A.]

WILLIAMS ET AL. v. THE ELDORA-ENTERPRISE GOLD MINING COMPANY INTERPLEADED WITH THE ENTERPRISE MINING, MILLING & REDUCTION COMPANY ET AL.

1. **Contracts—Sales—Options.**

Although an option contract to purchase mining property was nudum pactum because not signed by the purchaser, upon payment of part of the purchase price by the purchaser it became an enforcible contract against the vendor.

2. **Mechanics' Liens—Mines and Mining—Lease with Option to Purchase.**

The owner of a mine executed a lease at a stipulated rental in the way of royalty and in the same instrument gave the lessee an option to purchase. The contract of sale did not require the purchaser to do any work or make any improvement, but the lease did require the lessee to work the mine, and the lessee took possession and worked the mine under the lease. After making one or more payments on the option to purchase the lessee forfeited his option by a failure to make the stipulated payments. Held that the interest of the lessor in the

mine was not subject to a mechanic's lien for work done for or
material furnished to the lessee while working and developing
the mine under his lease.

*Appeal from the District Court of Boulder County:
Hon. Christian A. Bennett, Judge.*

Messrs. YOUNG & LUTHE and Messrs. GIFFIN &
ROWLAND, for appellants.

Mr. S. S. DOWNER, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of
the court.

Action to enforce a mechanic's lien on mining
property. The defendant reduction company held
a bond and lease on the defendant mining company's
mine. The consideration for the property, under the
option to purchase, was the payment of certain sums
at designated times and one-half the expenses to
be incurred in procuring a patent. Provision was
made for possession of the mine under the contract
of leasing which permitted the lessee to mine, remove
and sell ore therefrom, and contained the usual
clauses for mining in a workmanlike manner, keep-
ing the mine in safe condition, allowing the lessor to
inspect the mine and the lessee's books, and a for-
feiture for failure by the lessee to keep its covenants
under the lease. The lessee was required to com-
mence work within three days from the date of the
contract, and agreed to work two shifts continuously,
with at least five men on each shift, except when
delayed by unavoidable accidents. There was re-
served as rent a royalty of 15 per cent of the net
proceeds of ore mined, and this royalty formed no
part of the purchase price, under the option. There
were clauses in the writing providing that, upon
default in the prescribed payments under the option
at the times specified, or for default in keeping the

covenants of the lease, the reduction company forfeited previous payments, if any, and also the right of possession.

The reduction company made one or more but not all the payments upon the purchase price under the option, and, by failing fully to perform, forfeited its rights thereunder. It took possession of the mine under the lease. In working the property certain material was furnished to and work and labor done for the lessee, for which material and work a lien is sought to be enforced on the interest of the lessor mining company, the owner of the mine. The district court held that our statute does not give it as against the owner, and the lien claimants have brought the case here by appeal.

The instrument which evidenced the agreement of the parties is in form the ordinary mining lease in general use in this state with an option of purchase. Though there was but one writing, it concerned two entirely separate and independent transactions, the one a lease with rent reserved as royalty; the other an option to buy. The writing was not signed by the reduction company. That part of it relating to the sale was originally *nudum pactum*, but upon the payment of the whole or part of the purchase price became an enforcible contract of sale against the vendor.

In *Wilkins v. Abell*, 26 Colo. 462, it was decided that a mechanic's lien will not attach to the interests of an owner of a mine for work done or material furnished in working or developing the same where the work is done or material furnished at the instance of or under contract with one whose only interest is that of a lessee. The claimants here say that this case is not controlled by that decision, but falls within the doctrine declared in *Shapleigh v. Hull*, 21 Colo. 419, and *Colo. Iron Works v. Taylor*, 12 Colo.

App. 451. In these two cases it was held that under a contract of sale of real estate which requires the purchaser to make certain improvements thereon as a part of the consideration, the purchaser becomes the agent of the vendor for that purpose, and both the title of the vendor and the vendee is subject to a lien for materials furnished and labor performed in the erection of such improvements by the purchaser. In the subsequent case of *Antlers Park R. M. Co. v. Cunningham et al.*, 29 Colo. 284, it was sought to extend this doctrine to a lease of mining property where, as a part consideration for its execution, the lessee was required to make permanent improvements and erect buildings on the leased premises. It was not necessary in the last cited case to decide whether the doctrine contended for applied, because the evidence did not show what part, if any, of the material furnished or labor performed was furnished or done in the erection of the improvements contemplated.

The case at bar does not come within the principles of the Shapleigh case, *supra,* though we concede that the option was, by payments, converted into an enforcible contract of sale. There was no requirement in the contract of sale that the proposed purchaser should do any work or make any improvements on the mine, nor was possession of the mine given thereunder. The possession of the reduction company was under the contract of leasing, and was solely for the purpose of working and developing the mine under the lease, at a stipulated rent in the nature of royalty. A lien therefore does not exist as against the vendor owner, on the ground that the work and material were contracted for by a vendee in possession under a contract of sale which required him to make improvements.

Nor can a lien be asserted as against the lessor owner on the ground that the lessee here occupied some relation to the mine with respect to the working of it other than that of lessee. The contract of leasing did not call for the erection of any permanent improvements. Its only requirement of the lessee in respect to work was that it should begin development work within a certain time and continuously employ two shifts of five men each. In the nature of things, a lease of a mine contemplates that the lessee must do at least ordinary development work. A mine is valuable principally if not wholly on account of the ore it contains, and to extract the same necessarily requires work to be done upon it. The work required here was merely ordinary development work, which brings the case within the holding in *Wilkins v. Abell, supra.* In other words, the labor performed and materials furnished by the claimants for which a lien is sought were done for and furnished to one who was in possession and developing the same whose only relation to the property, so far as concerns any requirement of work thereon, was that of a mere lessee. Other cases in line with our conclusion are *Maher v. Shull,* 11 Colo. App. 322; *Schweizer v. Mansfield,* 14 Colo. App. 236; *Little Valeria M. & M. Co. v. Ingersoll,* 14 Colo. App. 240. In *Couch v. Welsh,* 24 Utah 36, an instrument quite like that under consideration was held to be a lease with an option to purchase.

The judgment below is right, and should be affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.