[No. 4012.]

## EMPIRE COAL COMPANY ET AL. v. ROSA.

1. MECHANIC'S LIENS—*Improvements by Lessee.* The lease of a coal mine, not providing for specific improvements by the lessee, does not authorize, the imposition of a lien upon the interest of the lessor, for work done or improvements made by the lessee. (232)

2. ——*Mining Property—For What a Lien is Granted.* Work done in the extraction of coal, from a coal mine, does not give a lien. (233)

3. —— *Lienable and Non-Lienable Items Confused.* Where, though the evidence shows work done for the development, improvement or preservation of a mine, yet, if this is so confused with non-lienable items that the value thereof cannot be ascertained, no lien can be allowed. (234) ·

4. —— *Statute Construed.* The phrase "or other person" in Rev. Stat. sec. 4025 imports any person other than those named, *acting for the owner.* (235)

The provision of the statute (Rev. Stat. sec. 4025) requiring contracts for an amount exceeding $500.00 to be in writing refers only to contracts which provide for a contract price to be paid by the owner to the contractor. It has no application to the covenants of the lessee in an ordinary lease. (235)

5. —— *Pleading.* Where the party seeking enforcement of a lien relies upon the failure of the land owner to give the notice required by Rev. Stat. sec. 4029, his complaint must specifically allege facts which bring the case within the terms of that section. (235)

*Error to Garfield District Court.* HON. JOHN T. SHUMATE, Judge.

MESSRS. BARTELS, BLOOD & BANCROFT and MR. E. J. CHURCHILL, MR. J. W. BELL for plaintiffs in error.

MR. CLIFF G. ROWE and MR. C. W. DARROW for defendant in error.

KING, J., delivered the opinion of the court.

This action was instituted by Peter Rosa, defendant in error, praying for personal judgment against both the plaintiffs in error, as defendants in the trial court, in the sum of $1,973.17, besides interest, and to establish and foreclose a mechanic's lien upon a half-section of land in Garfield County, Colorado, of which the defendant the Empire Coal Company was the owner. Judgment was rendered against the defendant, The Cardiff Coal Company, for the amount demanded in the complaint, which was declared to be a lien against the land and improvements of The Empire Coal Company, and foreclosure ordered.

The Empire company was the owner of the land described in the complaint, and of the coal mine thereon situated, known as the Diamond mine. The mine was leased by the owner to George R. Becker for a term to begin April 1, 1906. So far as disclosed by the record, the lessee was to operate the mine for the purpose of mining, selling, and disposing of the coal contained in said premises, upon condition that the lessee pay the lessor rental in the nature of royalty upon all coal mined by the lessee. This lease was assigned by Becker to The Cardiff Coal Company, which operated the mine until about May 1, 1911, at which time the mine and premises were sublet to D. W. Mansfield, who thereafter operated the same until about the first of November of the same year. For a long time prior to the subletting to Mansfield, he had been superintendent of the mine for the Cardiff company. Some time after the first of May, the plaintiff and eight other laborers, whose claims are included in the suit, were employed by Mansfield, and worked in the mine, and their claims were assigned to the plaintiff for collection. J. J. Smelcer had been employed by the Cardiff company as tipple boss, W. T. Mansfield (brother of the sub-tenant) as

coal miner, and William Fipps, agent of the Colorado Midland Railway Company, had been employed by the Cardiff Company—his services limited to the mailing of weights and billing of coal to the Leadville office. The last three named continued to work at the mine after May 1st, and their claims, together with a claim of the sub-tenant for wages or salary, were assigned to the plaintiff and included within the lien statement and the complaint.

1. The complaint alleged that the labor performed for which the lien was claimed was done in pursuance of a *contract* between the Cardiff company and the Empire company during the months of May to October, inclusive, "at the direct employment of defendant The Cardiff Coal Company, *contractor*, but, as plaintiff maintains, at the personal instance of the defendant The Empire Coal Company," and that the amount to be paid under the *contract* was in excess of $500, but that no copy of such contract was filed in the office of the recorder of the county in which the mine and the lands were situated. There was nothing in the evidence which supported the allegation of the complaint that the labor was performed under any *contract* between the Empire company and the Cardiff company, or the Empire company and Mansfield, or the Empire Company and the plaintiff or his assignors, nor that the Cardiff company was a *contractor*, within the contemplation of the provisions of the Mechanic's Lien Act. A lease in the usual form for the demise of real estate does not constitute a contract, nor create such a relation that the lessee becomes a contractor, under the provisions of said act. Such has been the uniform ruling in the courts of review of this state. *Wilkins v. Abell*, 26 Colo. 462, 58 Pac. 612; *Antlers' Park Regent M. Co. v. Cunningham*, 29 Colo. 284, 68 Pac. 226; *Williams v. Eldora-Enterprise G. M. Co.*, 35 Colo. 127, 83 Pac. 780; *Maher v. Shull*, 11 Colo. App. 322, 52 Pac. 1115; *Schweizer v. Mansfield*, 14 Colo. App. 236, 59 Pac. 843; *Little Valeria M. & M. Co. v. Ingersoll*, 14 Colo. App. 240, 59 Pac. 970; *Fisher v. McPhee & McGinnity Co.*,

24 Colo. App. 420, 135 Pac. 132; *Milwaukee G. M. Co. v. Tomkins-Cristy Hardware Co.,* No. 3976, *ante* 155, 141 Pac. 527, handed down by the court at the last term. While most of the foregoing decisions involve liens sought to be established on metalliferous mines, it is believed that there is no distinction in principle between such mines and a coal mine.

In *Fisher v. McPhee & McGinnity Co., supra,* we said:

"Unless so provided by the terms of the lease, the lessee is in no sense the agent or superintendent of the lessor, nor is he a contractor for the lessor, within the contemplation of the lien statute."

And the same rule was applied by us in *Milwaukee G. M. Co. v. Tomkins-Cristy Hardware Co., supra,* as to a lien claimed upon mining property for materials furnished to the lessee. The rule announced, in 1899, in *Wilkins v. Abell,* that a mechanic's lien will not attach to the interest of an owner of a mine for labor done in working or developing the mine, where the work is done at the instance of or under contract with one whose only interest is that of a lessee, has been consistently followed since that date, and there has been no modification in the lien act which in our opinion requires any departure from that rule, nor is there anything found in the circumstances or facts of the case at bar, as shown by the record, that affects that rule. There is nothing in the evidence which even suggests that the lease in this case created the relation of vendor and vendee as between the lessor and the lessee, nor that it was a lease providing for specific buildings or improvements, nor that its terms, construed together with section 4028 R. S. '08, relative to mining property subject to lien, in any manner or to any extent distinguishes this case from those cited. The work done, as shown by the evidence, was that usual, ordinary and necessary in the regular course of operating a coal mine, in extracting coal therefrom, although involving a small amount of "dead work," driving an entry (but whether in coal or not is not disclosed), and

laying some track. Besides, it nowhere appears what part of the labor sued for was performed in doing anything that might be termed development, preservtation or improvement of the mine, as distinguished from the mere extraction of the coal, and if some items are lienable, the amount cannot be ascertained from the evidence so as to form the basis of a decree.—*Antlers Park R. M. Co. v. Cunningham,* 29 Colo. 284, 288, 68 Pac. 226.

In *Williams v. Eldora-Enterprise G. M. Co., supra,* the court said:

"In the nature of things, a lease of a mine contemplates that the lessee must do at least ordinary development work. A mine is valuable principally if not wholly on account of the ore it contains, and to extract the same necessarily requires work to be done upon it. The work required here was merely ordinary development work, which brings the case within the holding of *Wilkins v. Abell, supra.*"

In *Henry v. Miller,* 145 Ill. App. 628, the court said:

"Labor performed in mining coal in the regular course of operating a mine is not performed in the making of any improvement within the meaning of the statute providing for mechanic's liens and therefore cannot be made the basis of mechanic's lien relief."

The rule there stated is the same in substance as that adopted by our own courts in the cases hereinbefore cited. See also Phillips on Mechanics' Liens, sections 58 and 65; *Hopkins v. Hudson,* 107 Ind. 191, 8 N. E. 91.

The contention made by counsel for defendant in error, that because of the words "or other person" contained in that provision of section 4025 R. S. '08 which says that "every contractor, architect, engineer, sub-contractor, builder, agent *or other person* having charge of the construction, alteration, addition to or repair, either in whole or in part, of any building or other improvement as aforesaid, shall be held to be the agent of the owner for the purposes of this act," Mansfield must or may be considered the agent of the Empire com-

pany, cannot be sustained. The plain meaning of the provision quoted is that any one of the persons enumerated, or any other person *acting for the owner,* is to be held as the agent of the owner for the purposes of the act, and such we understand to be the distinct ruling in *Wilkins v. Abell, supra.*

2. The trial court made a finding, upon which it is fair to assume it based its decree, that the contract between the Empire company and the Cardiff company was in excess of $500. Such finding had no support in the evidence, and is based upon a perversion of the terms and meaning of the statute relative to such contracts as must be recorded in order to avoid a lien attaching as for work done at the personal instance of the owner. That provision of the statute has reference only to a contract for work to be done or materials furnished in which a "contract price" is to be paid by the owner to the contractor, and not to the contract contained in an ordinary lease in which all payments provided for are to be made by the lessee to the owner.

Counsel for defendant in error insist upon the application of section 5 of the act of 1899, 4029 R. S. '08, but there is no allegation in the complaint, and no evidence, to bring this case within the provisions of that section.

Under the issues made, the judgment as against The Cardiff Coal Company can be sustained only upon the theory that, because of its failure to give due notice of the change in its relations with Mansfield, and that he was no longer the superintendent, it still held Mansfield out to the public as its superintendent and agent; but The Cardiff Coal Company is not in this court complaining of the judgment.

For the reasons given, the judgment is reversed as to The Empire Coal Company, and the cause remanded with instructions to enter judgment in its favor.

*Reversed and Remanded.*