## ANTHONY *v.* ESTABROOK.

AGENT — *what declarations will bind principal.* Declarations of an agent are not admissible in evidence against his principal if made after the transaction to which they refer.

Where a horse was hired to go a journey and died on the way, declarations of the driver, who was the agent of the hirer, made after the death of the horse and after the driver had returned from the journey, are not admissible to charge the hirer.

*Appeal from District Court, Arapahoe County.*

ACTION on the case to recover the value of a horse.

There was evidence to the effect that appellee kept a livery stable in Denver, and that appellant hired a team from him

to be driven to Box Elder, a distance of nineteen miles from Denver, and return.  That appellant put William T. Shortridge in charge of the team, who drove it to Living Springs, which was much farther from Denver than Box Elder.

Alexander Davidson, a witness introduced by appellee, testified to declaration made by Shortridge as follows : " He said they were a good team and that he lost one of the horses ; that he died on the road side ; he said he died this side of Living Springs, as he was returning from Living Springs.

Shortridge made this statement to me, I think, the second day after he went out with the team.  It was after he got back.  I do not know it was the same day he got back."

On cross-examination the witness stated : " Shortridge told me something about the horse taking sick and bloating up.  He said he took all the care of the horse he could."

Duncan Merritt, a witness on behalf of appellee, testified : "I heard conversation between Mr. Shortridge, on his return, and plaintiff.  Estabrook asked Shortridge how came the horse to die, and he told him Anthony told him it was a good team and to put them through, and Shortridge said he was drinking and it did not make any difference with him, that Anthony was responsible.  Shortridge said he drove that evening to Living Springs.  He said he left the horse on the side of the road dead as he started back."

The verdict was for the plaintiff below.

Mr. J. BRIGHT SMITH and Mr. GEORGE F. CROCKER, for appellant.

Messrs. CHARLES & ELBERT, for appellee.

HALLETT, C. J.   It is clear that the declarations of an agent, if introduced for the purpose of binding his principal, must have been made at the time of the transaction to which they relate, and not afterward.  *Fairlee* v. *Hastings*, 10 Vesey, 123 ; *Corbin* v. *Adams*, 6 Cush. 93 ; *Luby* v. *Hudson River R. R. Co.*, 17 N. Y. 131.

It appears that Shortridge was employed to go a journey

for appellant, for which purpose a team was hired by the latter from appellee. After an absence of two days, Shortridge returned with but one of the horses which he had taken away, saying that the missing horse had died on the road, and giving some incidents of the trip. Evidence of these declarations of Shortridge was admitted in the court below for the purpose of charging appellant, and, we think, improperly admitted. The horse died during the journey of Shortridge, and these declarations were not made until after his return, and therefore they were not contemporaneous with the loss of the horse to which they referred. With the death of the horse the liability of the appellant, if any exists, became fixed, and he is not to be charged upon any statements made by Shortridge after that event took place. The rule governing this question, and the principles upon which it rests, are so fully declared in the cases above cited that any discussion of it here would be out of place.

It is objected that the evidence does not support the declaration, inasmuch as it shows a hiring of two horses and a buggy, whereas the declaration speaks of the hiring of one horse only. It is to be observed that the third count of the declaration contains no mention of any hiring whatever, but in that count it is simply alleged that the defendant had the care of a certain other horse, etc. For aught that appears, the evidence was given under the third count, to which we perceive no objection. For the reason first stated, however, the judgment must be reversed, with costs, and the cause will be remanded.

*Reversed.*