THE LAFAYETTE AND INDIANAPOLIS RAILROAD Co. and THE INDIANAPOLIS and CINCINNATI RAILROAD Co. v. EHMAN.

GENERAL DENIAL.—*Burden of Proof.*—An answer of general denial throws upon the plaintiff the burden of proving every material allegation of his complaint.

PRINCIPAL AND AGENT.—*Admissions.*—*Evidence.*—The declarations or admissions of an agent are evidence against his principal, only when they are made as to a business matter within the scope of his agency, and which is being transacted at the time.

RAILROADS.—*Injury to Animals.*—*Jurisdiction.*—A cow and heifer, together worth $110, standing at the same time a few feet apart upon a railroad track, were killed by a passing train. The value of the heifer did not exceed $50.

*Held,* that they constituted one cause of action, of which the Common Pleas Court had jurisdiction.

APPEAL from the Marion Common Pleas.

ELLIOTT, J.—Suit by Ehman against the Lafayette and Indianapolis Railroad Company, and the Indianapolis and

Cincinnati Railroad Company, to recover the value of a cow and young heifer, alleged to have been killed on the railroad track of the first named company, by a train of cars run upon and over the same by the company last named. It is alleged in the complaint that the Lafayette and Indianapolis Railroad Company had leased its railroad track and appurtenances to the Indianapolis and Cincinnati Railroad Company; that the latter company, while operating said road, and running a locomotive and train of cars over the same, ran over and killed said cow and heifer. The track of said road, at the place where said cow and heifer went upon the same, and where they were so run over and killed, not being securely fenced.

A separate answer was filed by each of the companies, in denial of the complaint. By agreement of the parties, the cause was tried by the court without a jury. The court found for the plaintiff, and assessed his damages at one hundred and ten dollars.

Separate motions for a new trial were thereupon made by each of the defendants, which were overruled, and judgment rendered on the finding.

The questions presented are: 1. The finding of the court is contrary to the evidence. 2. The court erred in admitting irrelevant and incompetent evidence to be given by Charles P. Jacobs. 3. The damages assessed are excessive. The errors are jointly and severally assigned.

The objection urged to the sufficiency of the evidence to sustain the finding against the Indianapolis and Cincinnati company is, that while it shows that the cattle were killed on the road track of the Lafayette and Indianapolis company, it does not show that the former company had leased the road of the latter, or that the cattle were killed by a train of the former, as alleged in the complaint.

The evidence in the case is as follows:—Ehman, the plaintiff below, testified: "I live five and a half miles northwest of Indianapolis, on the Lafayette and Indianapolis

Railroad. I had two cattle killed on the railroad track, on the 29th of April, 1867, at five o'clock in the afternoon. I was ploughing in the field, and heard the alarm whistle. I went to the place, and saw the cattle. One was a milk cow, worth eighty-five dollars; the other was a heifer, worth thirty-five dollars. Where the animals were killed the fence was good, but at other places, where the animals could enter upon the track, the fence was down—in some places for several panels—and had been in this condition for several years. There was no road crossing where the animals were killed. The stock was, at the time, running at large on Mrs. Andrew Bridgeford's farm. It was a passenger train, running in the direction of Indianapolis. The cattle seemed to be struck a few feet apart, I cannot say how many. The road was straight there. I could see the locomotive a mile or a mile and a half. The cattle lay there for a day or so, and then the railroad sent men and took them away. I never got them afterwards, and have not been paid for them."

Laura F. Bridgeford testified for the appellee:—"Live six miles from Indianapolis, near the Lafayette and Indianapolis Railroad. The cattle of the plaintiff were killed by a passenger train, right below our house, at five o'clock in the afternoon. I heard the alarm whistle. There were three cows on the track; one got off. The cow and heifer were struck by the cow-catcher of the locomotive; one was thrown on one, and the other on the other side of the track. The railroad men afterwards came and took the cattle away that were struck. The fence was not good; it was down in places. The third cow, that was not struck, was the plaintiff's. The cows and heifer were grazing on the track, facing Indianapolis. I saw them when they were struck by the locomotive. Both were not struck at once. I can't say which was struck first, but think they were struck three or four feet apart. The cow was lying nearer Indianapolis than the heifer."

John Cole testified for appellee:—"The plaintiff had a cow and heifer killed on the track of the Lafayette and

Indianapolis railroad. I saw them after they were killed. The cow was worth eighty dollars, any how; the heifer, thirty dollars. The railroad fence was down in many places."

Charles P. Jacobs testified for plaintiff:—Called on W. H. L. Noble, General Agent of the Indianapolis and Cincinnati Railroad Company, and stated the circumstances of Mr. Ehman's cattle being killed on the Lafayette railroad track, giving him time and place. He admitted the killing of the cattle by the train; he called it our road, at least. He said he would give us fifty dollars to settle it. He told me then, or on a subsequent visit, that Mr. Richardson, the superintendent of the Indianapolis and Cincinnati Railroad Company, had charge of settling all these matters, and would be up in a day or two, and asked what I would take. I stated the terms, and he refused to give it."

The evidence does not sustain the finding against the Indianapolis and Cincinnati Railroad Company.

The answer was a general denial, which threw on the plaintiff the burden of proving every material allegation of the complaint. There was no evidence that that company had leased the road of the Lafayette and Indianapolis company, or that it was operating or running trains on that road, as alleged in the complaint. The only evidence relied upon to charge the Indianapolis and Cincinnati company is that of Charles P. Jacobs, as to what occurred in an interview had by him with W. H. L. Noble. The declarations or admissions of an agent are evidence against his principle, only when they are made as to a business matter within the scope of his agency, and which is being transacted at the time. *Hynds* v. *Hays*, 25 Ind. 34.

It does not appear from the evidence that making such settlements was within the scope of the power conferred on Mr. Noble. On the contrary, he informed Mr. Jacobs, at the time of the interview, that Mr. Richardson, the superintendent of the company, had charge of settling all such matters. But if the statements of Mr. Noble were evi-

dence, they only admit that the cattle were killed by a train on the Lafayette railroad track, which Mr. Noble spoke of as "our road." It does not prove that the cattle were killed by a train belonging to, or in the charge of, the Indianapolis and Cincinnati Railroad Company.

There is no foundation for the objection that the damages are excessive. The finding is for the lowest amount fixed as the value of the property by any of the witnesses. But it is contended by the appellants' counsel that the cow and heifer were not both killed at the same time, and as the value of the heifer did not exceed fifty dollars, the Common Pleas Court had no jurisdiction of that part of the case, and should, therefore, have found for the plaintiff the value of the cow only. The evidence shows that the cow and heifer were standing on the track, not over four feet apart, and were killed by the same train. They were killed so near the same instant of time that the intervening period is inappreciable, and under such circumstances we fail to appreciate the objection.

The judgment is reversed as to the Indianapolis and Cincinnati Railroad Company, with costs, and affirmed, with costs, as to the Lafayette and Indianapolis Railroad Company.

*T. A. Hendricks, O. B. Hord,* and *A. W. Hendricks,* for appellants.

*L. Barbour* and *C. P. Jacobs,* for appellee.