EDMUNDS V. CURTIS.

Admissions and declarations of an agent can only be received in evidence against his principal when made within the scope of the agency, contemporaneous with and a part of the *res gestœ*.

*Error to County Court of Lake County.*

THE facts are stated in the opinion.

Messrs. GASTON and SIMMONS and D. J. HAYNES, for the plaintiff in error.

Mr. J. F. FREUAUFF, for the defendant in error.

PER CURIAM. The principal error assigned and argued in this court relates to the admission in evidence of certain declarations made by an agent. These declarations

are material, and if erroneously received the judgment must be reversed. We shall assume that the evidence establishes an agency, though the matter is not entirely free from doubt.

Plaintiff in error, who was defendant below, hired from Curtis a team and wagon, to be used in transporting lumber from Leadville to a neighboring town. One Thompson was employed by her to drive the team. On the return trip the horses ran away, injuring themselves, the wagon and harness. This action was brought by Curtis to recover damages for such injuries. The declarations of Thompson were made on the day succeeding the disaster, at the time he returned the team and wagon to Curtis. These declarations related to the circumstances attending the runaway, and tended to show negligence in handling the team.

The admissions or declarations of an agent can only be received in evidence when they were made within the scope of the agency, and are a part of the *res gestæ* to which they relate. The numerous definitions, of which the foregoing is the substance, are simple and easily understood; but a difficulty often arises in determining what constitutes the *res gestæ* in particular cases, and the applicability thereto of the declarations in question. In very many instances this sort of evidence trenches closely upon the forbidden field of hearsay, and its admission should be carefully guarded. Courts are very conservative with reference thereto; the disposition is not to extend the rule beyond the landmarks clearly pointed out by early adjudicated cases. Of these landmarks *Fairlie v. Hastings*, 10 Ves. 123, contains, perhaps, the best exposition. The wisdom of this conservative course is self-evident, and it would be superfluous to here repeat the reasons in support thereof. The rule is tenaciously adhered to, that declarations of this kind can only be proven when they are strictly contemporaneous with the identical act or transaction to which they relate.

" They must be made not only during the continuance of the agency, but in regard to the transaction pending, at the very time." " They must accompany the transaction or the doing of the business." " They are admissible only when made as to a business matter,   *   *   * which is being transacted at the time." *Luby v. Hudson River R. R. Co.* 17 N. Y. 131; *Hazleton v. Union Bank*, 32 Wis. 34; *L. & I. R. R. Co. v. Ehman*, 30 Ind. 83; *M. & C. R. R. Co. v. Maples*, 63 Ala. 601; *Johnson v. Thompson*, 23 Hun, 90; *Stiles v. W. R. R. Corp.* 8 Met. 44.

The transaction out of which the damages here claimed arose was the running away of the team, and the foundation of the action is negligence on the part of defendant's agent in connection therewith. Therefore, the *res gestæ* here was the runaway or accident. It was not the procuring of the team in the first instance, or making of the contract therefor, neither was it the return of the team after the accident. It was simply and wholly the accident itself.

The declarations of Thompson were made upwards of twenty hours subsequent to the runaway, hence that period intervened between the *res gestæ* and the making of these declarations. Therefore, under the rule above stated, they were clearly inadmissible.

It appears from the evidence that Thompson was, at the time of the trial, residing in Denver. He might have been subpœnaed, or his deposition might have been taken. His testimony concerning the circumstances surrounding and attending the accident would have been perfectly proper. It was, therefore, an easy matter for plaintiff to have accomplished what he desired without resorting to this erroneous method of adducing testimony.

The judgment will be reversed and the cause remanded.

*Reversed.*