TUTHILL SPRING CO. *v.* SHAVER WAGON CO.

*(Circuit Court, N. D. Iowa, C. D.* February 7, 1888.)

1. EVIDENCE—ADMISSIONS—BY OFFICER OF CORPORATION—WHEN ADMISSIBLE.
   Declarations made by a president of a corporation that a note indorsed to it long before, and on which suit had been brought six months before, was not the property of the corporation, but indorsed to it only that suit might be brought in the United States court, are not admissible in evidence, without any showing that the president had authority to make such declarations or had any duty in the premises, or was held out as the officer to whom application for information should be made.

2. SAME—RES GESTÆ.

> Such declarations are no part of the *res gestæ* when made to one not acting on behalf of the defendant maker, and when no contract was made in consequence thereof, and when nothing was done or said on which defendant relied, or which affected its action.

At Law. Motion for new trial.

The Tuthill Spring Company sued the Shaver Wagon Company on five promissory notes. Verdict for plaintiff. Defendant moves for a new trial.

*Cummins & Wright*, for plaintiff.

*J. F. Duncombe*, for defendant.

SHIRAS, J. This action is founded on five promissory notes, four of which were executed by the defendant company to the plaintiff, and the fifth to the order of W. T. Shaver. The latter note, for the sum of $8,858.52, was indorsed, without recourse, before maturity, to the plaintiff corporation by the payee thereof. The defendant admitted the execution of all the notes sued on, but as to the fifth note averred that the plaintiff was not the real owner thereof; that the same remained the property of W. T. Shaver; that the indorsement thereof was colorable only, being made for the purpose of conferring a colorable jurisdiction on the United States court, the payee of said note, W. T. Shaver, being a citizen of the same state as the defendant corporation.

Upon the trial before the jury the only evidence offered by defendant in support of the allegation that the plaintiff company was not in fact the owner of the fifth note sued on was the testimony of J. D. K. Smith, president of the defendant corporation, who testified that in May, 1886, some six months after this suit had been brought, he visited Chicago for the purpose of trying to negotiate a purchase for the benefit of his brother, of the notes in suit; that he saw T. W. Tuthill, the president of the plaintiff company; and that in the course of such conversation Mr. Tuthill told him that it was Shaver's scheme to have the matter sued in the United States court; that the plaintiff company did not own the note; that it belonged to Shaver; but that they would not sell the company notes without selling the Shaver note. This testimony was objected to by plaintiff when offered, and the objection was sustained. The defendant offering no other evidence, the court instructed the jury to return a verdict for the plaintiff.

The motion for new trial presents the question whether the court erred in refusing to admit the testimony as to the admissions and statements alleged to have been made by Mr. Tuthill, the president of the plaintiff corporation. It will be noticed that the interview between Smith and Tuthill was long after the note had been indorsed to the plaintiff, and some six months after suit had been brought thereon. It was not shown what power or authority Mr. Tuthill, as the president of the Tuthill Spring Company, had in the management or control of its affairs. It was not shown that he was the party or officer of the company who had participated in making the arrangement by which the Shaver note was trans-

ferred to the plaintiff, or that he had any actual knowledge of the facts of that transaction. The right to prove his admissions as against the company was claimed upon the sole ground that he was the president of the corporation, and must be deemed to have knowledge of all its affairs. If the contention of the defendant is correct, it would follow that the admissions and statements of the president, directors and other general officers of a corporation touching past transactions would be competent evidence against the corporation under all circumstances. When the declaration sought to be proven forms part of the transaction involved in the litigation, it is deemed to be a verbal act, and, as part of the *res gestæ*, is admissible against the corporation. So, also, declarations made by an officer of a corporation in response to inquiries relative to matters intrusted to his charge, may be given in evidence against the corporation, when the fact of the inquiry made and the answer given are material or pertinent to the issue involved. *Bank* v. *Stewart*, 114 U. S. 224, 5 Sup. Ct. Rep. 845. Unless the admission can be brought within one or both of the exceptions named, the general rule is that admissions or statements made by the officers of a corporation as to past transactions are not admissible against the corporation. Thus, in *Packet Co.* v. *Clough*, 20 Wall. 528, which was an action to recover damages for an injury to a passenger, it was ruled that the statements of the captain of the steamer, touching the accident, and the cause thereof, made two days after the event and before the completion of the voyage, were not admissible against the company owning the boat, it being said that "an act done by an agent cannot be varied, qualified, or explained, either by his declarations, which amount to no more than a mere narrative of a past occurrence, or by an isolated conversation held or an isolated act done at a later period. The reason is that the agent to do the act is not authorized to narrate what he had done, or how he had done it, and his declaration is no part of the *res gestæ*." In *Railroad Co.* v. *O'Brien*, 119 U. S. 99, 7 Sup. Ct. Rep. 118, it was held that the declaration of the engineer of a locomotive, made within 30 minutes after an accident had happened to his train, as to the speed the train was making when the accident occurred, was not admissible in an action against the corporation. It is clear that the statements made by Mr. Tuthill in the conversation with Mr. Smith formed no part of the transaction by which the plaintiff corporation became the indorser of the Shaver note. This transfer had been made months before the conversation between the parties named took place. The declarations then made cannot be admitted as part of the *res gestæ*. As already said, it was not shown that Tuthill had any special knowledge of the transaction in regard to the transfer of the note, or that he was charged with any duty connected therewith, or had any control over the same. When Mr. Smith had the interview with him, the former was not acting on behalf of the defendant. He was seeking to buy the notes held by the plaintiff for the benefit and in the interest of his brother. No contract or agreement was made at that interview, or in consequence thereof. There was nothing done or said thereat upon which the defendant relied, or which affected its action or conduct.

The issue on trial before the court and jury involved simply the question whether when the note was indorsed by Shaver the indorsement was colorable only, or did the plaintiff in good faith buy said note, and become the real owner thereof. The best evidence on this issue would be testimony showing what in fact was done and said at the time of the transfer, or in immediate connection therewith. The testimony of Mr. Tuthill, and of all other officers of the corporation having any knowledge of the transaction, could have been taken, and thus the real facts of the matter could have been reached. Instead of procuring this testimony, the defendant sought to introduce a declaration or statement made by the president of the corporation long after the transfer of the note, and without any evidence showing that Mr. Tuthill had any authority to make such a declaration, or that he was charged with any duty in the premises, or was held out as the officer to whom application for information should be made. If, under such circumstances, the declarations of Mr. Tuthill should be held binding upon the corporation, and therefore admissible in evidence against it, it would be equivalent to holding that the corporation was bound by all statements or declarations made by any of its general officers, no matter when or under what circumstances. It is not necessary to cite authorities to show that so broad a proposition cannot be sustained. The motion for new trial is therefore overruled.