[Civ. No. 365.   Second Appellate District.—October 4, 1907.]

PACIFIC LUMBER COMPANY, Respondent, v. F. R. WIL-
SON et al., Defendants; ESTHER E. RICHMOND, Ap-
pellant.

MECHANIC'S LIEN—FORECLOSURE AGAINST OWNER—KNOWLEDGE OF IM-
PROVEMENTS—NOTICE TO AGENT—SUPPORT OF FINDING.—In an ac-
tion to foreclose a lien for materials furnished under contract with
one in possession for the improvement of a building, as against the
owner, who was absent during the improvements, and who posted
no notice disclaiming responsibility under section 1197 of the Code
of Civil Procedure, a finding that the owner had knowledge of the
improvements before their completion is sustained by evidence that
her son was her authorized agent to collect money due on the con-
tract, and to attend to her business during her absence, and that
he had notice of the improvements during the progress of the work,
Knowledge of an agent as to matters affecting the property is
knowledge of the owner.

ID.—CONSTRUCTION OF FINDINGS TO SUPPORT JUDGMENT.—Findings of
the trial court are to receive such construction as will uphold rather
than defeat the judgment, and if there is any evidence to support
the findings thus construed, the judgment is sustained.

ID.—ATTORNEY'S FEE IMPROPERLY ALLOWED.—The allowance of an at-
torney's fee incorporated in the judgment foreclosing the lien was
improper, and will be ordered stricken therefrom.

APPEAL from a judgment of the Superior Court of River-
side County, and from an order denying a new trial.   J. S.
Noyes, Judge.

The facts are stated in the opinion of the court.

Purington & Adair, for Appellant.

M. Estudillo, for Respondent.

ALLEN, P. J.—Action to foreclose a mechanic's lien.
Findings and judgment for plaintiff.   Order denying a new
trial.   From the judgment and order defendant appeals.

The undisputed facts are, that in September, 1905, de-
fendant Richmond was the owner of the premises involved,

6 Cal. App.—36

subject to an executory contract of sale therefor entered into
between defendant Richmond and one Wilson; that no stip-
ulations were contained in said contract with reference to
possession, but it appears that Wilson took possession; that
defendant was absent from the city of Riverside, where said
premises are situate, from September 12th until October
15th; that during such absence Wilson purchased material
with which to make certain additions and alterations to a
house on said premises, and completed the same on September
20, 1905. Defendant, after obtaining knowledge of such
improvements, posted no notice disclaiming responsibility
therefor, as provided by section 1192, Code of Civil Pro-
cedure. Plaintiff's claim of lien was filed December 15,
1905.

The court finds that defendant had knowledge and notice
of the repairs, additions to and alterations of said building.
When such notice was given or obtained is not definitely
stated.

If appellant's contention be correct that the knowledge
mentioned in section 1192, Code of Civil Procedure, refers
only to knowledge acquired before completion, still under
the rule that the findings of the trial court are to receive
such construction as will uphold rather than defeat the judg-
ment (*Breeze* v. *Brooks*, 97 Cal. 76, [31 Pac. 742]), the find
ing as to knowledge is susceptible of a construction that de-
fendant had knowledge during the progress of the work;
and if the evidence supports such finding, thus construed, the
judgment is sustained. There is satisfactory evidence in the
record that, notwithstanding defendant's absence during the
progress of the work, the son of defendant, a business man,
was authorized by the defendant to collect the moneys due
defendant on the contract as it matured, and to look after
the business of the defendant while she was away. This
was sufficient authority to constitute the son an agent of the
mother. Knowledge of an agent as to matters affecting the
property is knowledge of the owner. (*Clowdis* v. *Fresno
Flume etc. Co.*, 118 Cal. 315, [62 Am. St. Rep. 238, 50 Pac.
373].) It was in evidence that as early as the middle of
September the son had notice by telephone that Wilson was
making repairs on the house. This was during the progress
and before the completion thereof. While we do not desire
to be understood as holding that appellant's contention that

want of knowledge at the date of completion absolves the owner from giving the notice specified in the statute, we think a proper construction of the findings, supported by the evidence, renders the decision of that question unnecessary.

We find no error in the record, other than the allowance of an attorney's fee of $25 incorporated in the judgment. This attorney's fee was improperly allowed.

The court below is directed to strike from the judgment that portion thereof allowing attorney's fee to the lien claimant; and as so modified the judgment, as well as the order, is affirmed.

Shaw, J., and Taggart, J., concurred.