## BLANCHARD-CARLISLE COMPANY v. GARRITSON.

[No. 6,264. Filed February 17, 1909.]

1. EVIDENCE.—*Declarations of Secretary and Treasurer of Corporation.—Admissibility.—Res Gestae.*—Declarations of a secretary and treasurer of a corporation as to the receipt of payment for an account are not admissible against the corporation unless shown to have been made during the transaction of the company's business, relating to such account, or as part of the *res gestae* of the transaction. p. 304.

2. APPEAL.—*New Trial.—Insufficient Evidence.*—Where the only evidence supporting a decree was legally inadmissible, such decree will be reversed as unsupported. p. 305.

From Howard Superior Court; *B. F. Harness*, Judge.

Suit by the Blanchard-Carlisle Company against James H. Garritson. From a decree for plaintiff for a part of its claim, it appeals. *Reversed.*

*B. C. Moon*, for appellant.

*Blacklidge, Shirley & Wolf*, for appellee.

MYERS, J.—This was a suit by appellant against appellee to foreclose a mechanic's lien. The complaint alleges that the plaintiff, a corporation, furnished to one Bacon certain building materials which were used by him, as contractor, in the construction of a certain storeroom for defendant; that there is an unpaid balance of $173.47; and that the plaintiff caused notice of the lien to be recorded. Defendant answered in three paragraphs: (1) General denial; (2) payment; (3) waiver of the lien by plaintiff. Reply in denial to the second and third paragraphs of answer. Trial by the court, and a finding in favor of plaintiff for $16.72, and $15 attorneys' fees, and a decree foreclosing the lien.

The overruling of appellant's motion for a new trial is assigned as error. One of the causes stated in the motion was error in admitting certain evidence.

The answer of waiver was in bar of the entire lien. So it is practically conceded by both parties that the cause was

tried upon the answer of payment, and upon that theory the cause will be considered.

In substance, the evidence relative to this issue was that, after the completion of the building in which the materials furnished by appellant were used, the contractor called upon appellee for a settlement. Appellee then had a conversation over the telephone with one of appellant's representatives, in which he told such representative that Bacon was then at his place of business and wanted a settlement. Part of said conversation was as follows: " 'Now, shall I pay him the whole amount?' He said, 'Yes.' I said 'All right, I will pay him all of it.' He said 'All right.' " Appellee then paid Bacon the full contract price. On the same day Bacon paid to appellant $1,050.

The bill of particulars filed with the complaint, and which the uncontradicted evidence shows to be a correct statement of the value of the material furnished Bacon and used in appellee's building, amounted at that time to $1,206.75. After that time materials of the value of $16.72 were furnished Bacon on the same account, and is a part of the $173.47, for which the lien was filed. The only other evidence on this subject was the testimony introduced by appellee, and related to admissions made by B. P. Blanchard, secretary and treasurer of appellant, at appellee's place of business about ten days after the conversation referred to. This evidence was introduced, not for the purpose of contradicting any statement of Blanchard's, but as a part of appellee's evidence-in-chief. The question propounded to the witness, in substance, was whether he had had any other conversation with any managing officer of the company about the state of the account between the company and Mr. Bacon, and if so to give the conversation. Over appellant's objection the witness was allowed to answer as follows: "I just had a conversation with Mr. Blanchard. He came to the store there and we

were talking. I told him I had settled with Bacon. He said, 'Yes, we got our money all right.' "

Why Blanchard was at the store of appellee at the time of the alleged admission is not shown. Whether there as a visitor, or on business personal to himself, or in relation to some business connected with appellant, does not appear. It appears that the admission was made during a general conversation in which appellee told Blanchard that he had paid Bacon in full for building his storeroom. There is absolutely no showing connecting Blanchard with the particular transaction, either before or at the time the admission was made. It does appear that he was appellant's secretary and treasurer, but as to his duties we have no information. The mere fact that he was such officer did not make the evidence admissible against his principal. 1 Ency. Ev., 556. Assuming that Blanchard was an agent with general authority, still he would not be within the rule making the admissions of an agent against his principal admissible, only when made while actually transacting for his principal the business to which the declarations relate, or so closely connected with the business being transacted as to make them a part of the *res gestae. Hynds* v. *Hays* (1865), 25 Ind. 31, 34; *Ohio, etc., R. Co.* v. *Stein* (1892), 133 Ind. 243, 247, 19 L. R. A. 733; *LaFayette, etc., R. Co.* v. *Ehman* (1868), 30 Ind. 83; *La Rose* v. *Logansport Nat. Bank* (1885), 102 Ind. 332, 346; *Danner Land, etc., Co.* v. *Stonewall Ins. Co.* (1884), 77 Ala. 184; *Tulhill Spring Co.* v. *Shaver Wagon Co.* (1888), 35 Fed. 644; *Goetz* v. *Bank of Kansas City* (1887), 119 U. S. 551, 560, 7 Sup. Ct. 318, 30 L. Ed. 515; 1 Ency. Ev., 548, 551.

2. The evidence relating to the admission of Blanchard should have been excluded. The exclusion of this evidence leaves the decision of the trial court without any evidence to support it.

The judgment is reversed, and cause remanded, with instructions to sustain the appellant's motion for a new trial.