[No. 3614.]

## FISHER v. THE McPHEE & McGINNITY Co. ET AL.

1. MECHANIC'S LIEN—*Improvements Made by Tenant.* Unless the lease so provides, the landlord cannot be charged with the cost of an improvement made by the tenant, nor can the leased premises be subjected to a lien therefor. The tenant is not the agent of the owner within the meaning of section 1 of the statute (Rev. Stat., sec. 4025).

2. —— *Owner Failing to Give Notice That Premises Are Not Chargeable.* The statute (Rev. Stat., sec. 4029) has the effect to impose a lien upon the tenement for improvements made by the tenant when the landlord fails to give notice to the contrary within five days after he is informed of the intended improvement.

The evidence examined and held to warrant the finding that the owner, by her agent, was informed of the improvement as it proceeded, and failed to give the statutory notice.

3. —— *Pleadings—Burden of Proof.* One seeking to enforce a lien upon leased premises for improvements made at the instance of the tenant, alleging that the landlord had notice of the improvement is not required to go further, and allege or prove that the landlord did not give notice provided for by Rev. Stat., sec. 4029.

Such notice, if given, is matter of defense to be alleged and established by the defendant.

4. —— *Notice to Agent.* Where the general agent of the owner, having full charge of the premises, with authority to let the same and make repairs thereon, has notice of improvements being made by the tenant, such notice charges the owner.

5. —— *Statement of Lien—Service of Copy—Contractor—Sub-Contractor.* One improving leased premises at the instance of the tenant is not a sub-contractor, and is not required to serve a copy of the statement of lien required by Rev. Stat., sec. 4033.

6. Evidence—*Admissions of Agent,* against the interest of the principal, made subsequent to the transaction, are not, in general, admissible to establish the fact admitted.

Otherwise, where the admission is used to contradict the testimony of the agent.

7. Appeals—*Presumptions.* It will be presumed, the trial being without a jury, that the trial court having received statements of the agent against his principal gave them only such credit as they were entitled to.

*Appeal from Denver District Court.* Hon. James Owen, Judge.

Mr. L. J. Stark, for appellant.

Mr. Thomas B. Stuart, Mr. Charles A. Murray and Mr. J. E. McCall, for appellee Willoughby.

Messrs. Bartels, Blood & Bancroft, and Mr. Raymond J. McPhee, for the McPhee & McGinnity Company.

King, J., delivered the opinion of the court.

The McPhee & McGinnity Company, a corporation, one of the appellees, as plaintiff, brought its suit to establish and enforce a mechanic's lien against the property of Rachel L. Fisher, and to obtain personal judgment against said Fisher and one W. B. French. R. S. Willoughby, doing business as The Silver State Electric Company, another lien claimant, was also made a defendant. The judgment was in favor of plaintiff on its complaint, and likewise of Willoughby on his cross-complaint, giving personal judgment for the amount of their claims as against French only, and establishing and

ordering foreclosure of the liens of both plaintiff and Willoughby. Fisher alone appealed.

The complaint alleged, in substance, that defendant Fisher was the owner of a certain lot in Denver, and building thereon, in which a moving-picture show was conducted; that French was lessee of said premises; that while in possession as such lessee, French purchased from plaintiff certain building materials for use, and which were used, in the alteration, addition to and repair of the building on said lot, with the knowledge of the defendant Fisher, and under and by virtue of a contract between French and Fisher, largely in excess of $500; that neither said contract nor any memorandum thereof had been filed in the office of the county clerk and recorder, and that Fisher had not at any time given notice to plaintiff that her interest in said lot and building should not be subject to a lien for said materials so furnished and used, either by serving upon plaintiff written or printed notice to that effect, or posting such notice upon said real estate or building, nor in any other manner; alleged due service upon defendant Fisher, and record of the lien statement.

Willoughby, for cross-complaint, alleged that, doing business under the name of The Silver State Electric Company, he had, at the instance and request of said French, furnished materials and performed labor in placing an electric system in said theatre building. In all other material respects the cross-complaint was, *mutatis mutandis,* the same as plaintiff's complaint. All the allegations of the complaint and cross-complaint, except Fisher's ownership of the lot and building, the recording of the lien statement and service thereof by plaintiff, were put in issue by the answer of appellant.

From the foregoing statement, it will be observed that both the complaint and the cross-complaint seek to establish and enforce liens as against the premises, and

Fisher, the owner thereof, upon two statutory grounds, (1) under the general provisions of the mechanic's lien act, because, as alleged, the owner expressly or impliedly, through a tenant, contracted for the materials furnished and the labor performed; (2) under Section 5 of the Act of 1899, Session Laws 1899, page 261; Section 4029, M. A. S. 1912; Section 4029, R. S. 1908, the contention being that, in the absence of any contract, express or implied, with the owner, nevertheless, the premises are subject to the liens, because the owner, with knowledge that the improvement was being made, did not, as required by that section, notify the claimants that her interest should not be subjected to the liens. No objection was made to the joinder of these causes of action in one count.

There was an entire failure to prove the first statutory ground alleged; there was no contract with the owner, either as to French or the lien claimants. French was not the lessee, but was in possession, and was treated by Fisher as the lessee, or its agent, and the improvements, in the making of which the materials were furnished and the labor bestowed, were made at his instance and request, but without the permission and after the express refusal of the defendant Fisher to grant such permission.

1.   Unless so provided by the terms of the lease, the lessee is in no sense the agent or superintendent of the lessor, nor is he a contractor for the lessor, within the contemplation of the lien statute. The owner of property cannot be bound nor his property charged with a lien by the unauthorized act of the lessee in having improvements made on the leased property.—*Wilkins v. Abell*, 26 Colo., 462, 58 Pac., 612; *Antlers Park R. M. Co. v. Cunningham*, 29 Colo., 284, 68 Pac., 226; Phillips on Mechanics' Liens, sections 58 and 65; *Hopkins v. Hudson*, 107 Ind., 191, 8 N. E., 91.

2.  The act of French in causing the improvements to be made, being wholly unauthorized, it is obvious that neither the plaintiff nor cross-complainant can enforce a lien under the general provisions of the mechanic's lien act, but must rely wholly upon section 5 aforesaid, which, so far as material, is as follows:

"Any building  *  *  *  and every structure or other improvement mentioned in the preceding sections of this act, constructed, altered, added to, removed to or repaired, either in whole or in part, upon or in any land, *with the knowledge of the owner* or reputed owner of such land, or of any person having or claiming an interest therein,  *  *  *  shall be held to have been erected, constructed, altered, removed, repaired or done at the instance and request of such owner or person, *but so far only as to subject his interest to a lien* therefor as in this section provided; and such interest so owned or claimed shall be subject to any lien given by the provisions of this act, unless such owner or person shall, within five days after he shall have obtained notice of the erection, construction, alteration, removal, addition, repair or other improvement, aforesaid, give notice that his interests shall not be subject to any lien for the same, by serving a written or printed notice to that effect, personally upon all persons performing labor or furnishing skill, materials, machinery or other fixtures therefor, or shall, within five days after he shall have obtained the notice aforesaid, or notice of the intended erection, construction, alteration, removal, addition, repair or other improvement aforesaid, give such notice as aforesaid by posting and keeping posted a written or printed notice to the effect aforesaid, in some conspicuous place upon said land or upon the building or other improvement situate thereon.  *  *  *  And provided, further, that the provisions of this section shall not be construed to apply to any owner or person claiming any interest in such

property who shall have contracted for any erection, structure or improvement mentioned in this act.''

This section charges land with a lien for the cost of any building constructed thereon or altered, added to or improved, with the knowledge of the owner, if he shall not have contracted therefor, but from which lien so charged he may be relieved by compliance wtih the statutory requirements as to notice. The trial court made special findings of fact, that said alteration, addition to or repair of said building was made by said French with the knowledge of the defendant Fisher, acquired during the progress of the work, and that the materials were furnished and labor performed by the plaintiff and Willoughby with like knowledge, and that she had not at any time given notice that her interests in said land or building would not be subject to a lien for and on account of such improvement. This finding is assigned as error, and it is contended that there is no evidence tending to show that defendant had knowledge that improvements were being made or were made, until their full completion, on or about October 16, 1908. The evidence in support of that finding is meager, and, as read from the record here, unsatisfactory. Defendant Fisher had no personal knowledge of the improvement until long after its completion. If she is charged with such knowledge, it must be because of such information as came to the notice of one McGrew, her agent. He testified positively that he knew nothing of the changes made or contemplated until October 16th, after everything was practically completed, at which time he censured French for doing what he had been forbidden to do. Two witnesses testified that said agent, after the transaction, admitted that he knew materials were being delivered, and that work was going on. The work done consisted of very substantial changes in the building, which were being made during the months of August, September and

October, during which time McGrew was frequently at the building collecting, or attempting to collect, rent, and it is probable that the trial court gave no credit to his statement that he did not see what must have been obvious for so long a period.

Appellant insists that testimony of admissions made by an agent, after the transaction, against the interests of his principal, is not admissible. Generally speaking, this is true, at least when applied to substantive evidence. —*Anthony v. Estabrook,* 1 Colo., 75, 91 Am. Dec., 702; *Edmunds v. Curtis,* 8 Colo., 605, 9 Pac., 793; *Union Coal Co. v. Edman,* 16 Colo., 438, 27 Pac., 1060. But as affecting the credibility of the witness and the weight to be given to his evidence, we think the admission of such statements or admissions not prejudicial error, when taken in connection with the fact that the trial was to the court, as it will be presumed that the court gave to such admissions only such credit as they were entitled to receive, there being other substantive evidence to support the finding. We cannot say that the evidence is wholly insufficient to sustain the finding, and it will not be disturbed.

3. McGrew was general agent of the owner, so far as this property was concerned, having full charge of the premises; authority to make repairs thereon, rent the same, etc., and under this section, his knowledge as to matters affecting the property will be charged to his principal.—*Pacific Lumber Co. v. Wilson,* 6 Calif. App., 561, 92 Pac., 654; *Jefferson v. Leithauser,* 60 Minn., 251, 62 N. W., 277.

4. In further support of the contention that the judgment is erroneous, it is urged by counsel that the appellant was not served with a copy of the lien statement at or prior to the time of filing the same for record. The lien statement of plaintiff was duly served; that of Willoughby was not served. Section 4033, R. S. 1908, 2.

M. A. S., 4589, provides, *inter alia*, "in order to preserve a lien for work performed or material furnished by a *sub-contractor,* there must be served upon the owner or reputed owner of the property or his agent, at or before the time of filing with the county clerk or recorder the statement above provided for, a copy of such statement." This contention is based on the assumption that the claimants were sub-contractors. There having been in fact no contract, express or implied, with the owner, there was, as to her, no person sustaining the relation of either contractor or sub-contractor; and therefore, without the aid of Section 5 aforesaid, the materialman or laborer would be remediless. Its provisions were evidently intended to extend the benefits of the lien act so as to cover, and at the same time restrict the application of this section to, just such conditions as are here found, to-wit, where materials are furnished for and labor performed in improving property in the absence of any contract with the owner, but of which he had knowledge. The concluding paragraph of said section makes this intention plain and emphatic. It reads as follows:

"Provided, that the provisions of this section shall not be construed to apply to any owner or person claiming any interest in such property *who shall have contracted* for any erection, construction or improvement mentioned in this act."

The improvement having been made with the knowledge of the owner, who did not contract therefor, this statute, by its own force and vigor, fixes and impresses the relation of principal, or direct contractor as to such materialman or laborer, but for the purpose only of creating, establishing and enforcing the lien; no personal liability attaches to the owner. While we feel that, under all the circumstances, claimants ought not to prevail as against appellant, we are convinced that any other construction and effect than we have here given to section

5 would nullify its plain meaning, and would be opposed to the decision of the supreme court of this state in *Curtis v. Nunns,* 54 Colo., 554, 131 Pac., 403, 404, in which that court, construing another section, held that the actual relation of sub-contractor was there, by force of the statute, changed to that of statutory principal contractor, and for that reason notice or copy of the lien statement was not required to be served. Claimants were not sub-contractors, and therefore failure to serve their statement was not fatal.

It is also urged that judgment cannot be sustained as to the cross-complaint, because there was neither allegation nor proof that the notice of non-liability provided for in section 5 aforesaid was not given by appellant. Having alleged that the improvement was made with the owner's knowledge, it was not necessary to further allege or prove that the owner did not give notice of non-liability. Such notice, if given, is a matter of defense, to be set up and established by the defendant.—*Clark Co. v. Centennial M. Co.,* 22 Colo. App., 174, 183, 123 Pac., 322; *The West Coast Lumber Co. v. Newkirk,* 80 Calif., 275, 22 Pac., 231; *Harlan v. Stufflebeem,* 87 Calif., 508, 25 Pac., 686.

The original opinion filed herein is withdrawn, and judgment affirmed.

Decided April 14, A. D. 1913. Judgment affirmed after rehearing September 15, A. D. 1913.