King, J.,
delivered the opinion of the court.
*484 Judgment was rendered against the plaintiff in error, by which a mechanic’s lien was established and ordered foreclosed, under the following circumstances: D. W. Coulter, being the owner of a certain five-acre tract of land in section 13, township 3 south, range 69 west, agreed to sell the same to F. J. Penna and D. A. McPherson in consideration of the payment of $2,000 to be made in installments, and in further consideration of the agreement on the part of the vendees to provide all material for and erect on said land one stone bam, and one milk house, to- be commenced within eighteen days, and completed within one year from the date of said agreement. Three days after the foregoing agreement was entered into’, Coulter conveyed the said premises to' Miller, plaintiff in error, for a nominal consideration, subject to the contract of sale and purchase aforesaid. The agreement and the deed were recorded. Thereafter, defendant in error sold to Penna and McPherson building materials to’ be used, and which were used, in the erection of the buildings mentioned in the agreement. The improvements were erected with the full knowledge of Miller. A lien statement was filed in due time, naming Penna, McPherson and Miller as the owners or reputed owners of the land; thereafter Miller enforced the forfeiture clause in the agreement of sale and purchase, ejected Penna and McPherson from the premises, and took possession thereof.
Two- principal questions are argued by plaintiff in error, which he insists are sufficient tO' reverse the judgment: (1) That the statement of lien does not contain a description of the property to be charged therewith “sufficient to identify the same;” (2) that the written contract of sale was, in legal effect, a mortgage, and being of record before the materials were furnished by the lien claimant, constitutes a Hen prior and superior to’ that'of the defendant in error.
1. The statute provides that the lien statement filed for record shall contain, inter alia, “a description of the property to be charged with the lien, sufficient to identify,the samé.” *485 The parcel of land sought to be charged with the lien was described in the lien statement by metes and bounds, as follows: “Commencing at a point on the center line of section 13, township 3 south, range 69 west, 440 feet south of the intersection of said center, and the north line of said section six, south 440 feet, thence east 495 feet, thence north 440- feet, thence west 495 feet to the 'point of beginning, being five acres more or less, * * * all situate in Jefferson County, Colorado'.” The insertion of the number six was a clerical error. The description given in the agreement and the deed, and the correct description of the starting point was as given above, with the exception that in the deed the word “thence” took the place of the word “six” as found in the lien statement. It is obvious that there is no point at which the center line of section 13 intersects the north line, or any line, of section 6, so that the designated starting point, if the word six be given effect, cannot exist. For that reason it is contended that there is and can be no' identification of the premises from the instrument itself. It is plain that the land attempted to be described is a part of section -13, as its initial point is on the north-and-south center line of said section, 440 feet south from the north line of some section. It is equally plain that such point could not be at the intersection of the said center line of section 13 with the north line of section 6, or any other section than 13.
A false description does not vitiate an instrument, or malee it inoperative, provided the thing intended is otherwise sufficiently described. Falsa demonstrate non nocet, cum de corpore constat. — Broom’s Legal Maxims, p. 470; Murray v. Hobson, 10 Colo. 66, 13 Pac. 921. Both reason and authority support us in holding that a false “call” so obvious as that .found in-this instance may and should be rejected. There is no' pretense that plaintiff in error was misled or in any manner injured by the erroneous description. It does not appear that either he or Penna and McPherson were the owners of any other real estate in that vicinity to which the lien statement *486 could apply. The lien statement designated the owners or reputed owners of the property as Penna and McPherson, “who .hold some contracts for the purchase of the same,” as well as Miller, plaintiff in error. This statement has some weight in aiding the description, and, with other indicia of ownershp and location found in the statement, we think was sufficient to furnish identification to- anyone willing to be advised rather than hoping to be deceived.
Plaintiff in error also- contends that the description is wholly insufficient because it does not attempt toi describe the buildings into which the material furnished was incorporated. It cannot be doubted that it is the intention of the lien act to- give a primary lien on the structure for which materials are furnished or on which labor has been bestowed, and that such lien is only extended to' cover so much of the ¡lands on which the building, structure or improvement has been made as may be necessary for the convenient use and occupation of the building, in order to- effectuate the primary lien, and for that reason the contention of counsel, that a statement whidh does not contain some description óf the buildings is defective, is correct. — Warren v. Quade, 3 Wash. 750, 29 Pac. 827. But it is often, and, we think, generally, held that unless the statute requires the building, as distinguished from the land, to- be described, or the building is to be removed after sale, a description of the land will include the buildings on it, and the lien will attach to- both, although the buildings are not described. — 27 Cyc. 163, and cases cited. A description of the buildings would very materially aid in the identification of the property intended to- be subjected to the lien, and while it should have been included, we cannot say that the omission is fatal. Moreover, the lien statute (section 4043 R. S. 1908) says, “The provisions of this act shall receive a- liberal construction -in all cases.” Keeping in mind this requirement, and! in view of the equities disclosed by the evidence, we think the lien claimed should not fail because of the clerical error noted.
*487 2. Under the written agreement of purchase and sale, the; vendees were not only permitted, but required, to erect the very buildings for which the lien claimant furnished the materials. Under such conditions, it is settled! law in this state that the interest of the vendor in the real estate, as well as the interest of the vendee, is subject to> the lien of those furnishing material for the construction of the improvements under the contract of sale. — Shapleigh v. Hull, 21 Colo. 419, 41 Pac. 1108; Colo. Iron Works v. Taylor, 12 Colo. App. 451, 55 Pac. 942; Pike v. Empfield, 21 Colo. App, 161, 121 Pac. 1054. Therefore, it must be held that as between Coulter, the vendor, and the lien claimant, the lien would attach. It is conceded that by the terms of the deed from Coulter to Miller, the plaintiff in error merely took the place of Coulter, and became subject to the same liability, if any resulted, so far as the lien claimed is concerned. Such a contract of purchase and sale is frequently held to- be a mortgage, and is generally so held where necessary to do equity and preserve substantial rights; but the circumstances of this case do not present a condition calling for such construction of the instrument or the application of that principle. The lien on the land is sustained upon the contractual relation between the vendor, the vendee, and! the lien claimant, and not upon the provisions of section 5 of the lien act (section 4029 R. S. 1908). The last named section has no application to improvements made pursuant to contract, direct or indirect, -with the owner of the land. — Fisher v. McPhee & McGinnity Co., 24 Colo. App. 420, 135 Pac. 132; Grimm v. Yates, — Colo. —, 145 Pac. 696, decided December 7, 1914; Stewart et al. v. Talbott et al., — Cota. —, 146 Pac. 771, decided January 4, 1915.
The questions presented by counsel for plaintiff in error are not free from difficulty. If the circumstances of the case called for strict 'construction of the act, or a different application of the rules, in order to- do equity, his contention might prevail; but upon the showing made, we are satisfied that the judgment should be affirmed. Affirmed.