[L. A. No. 4528. Department Two.—August 5, 1918.]

O. P. ALLEN, Respondent, v. P. J. WILSON et al., Appellants.

CONTRACT—SALE OF LAND—VENDOR'S LIEN—PRIORITY OF MECHANIC'S LIEN.—While it is true that for some purposes, under a contract of sale of land, the vendee is treated as the owner of the land and the vendor as having but a lien upon it as security for the unpaid portion of the purchase money, the rule has no such application as will defeat the assertion of a lien under the mechanic's lien law.

ID.—SECURITY FOR PURCHASE PRICE.—A vendor's lien does not exist under an agreement for the sale of real property wherein the vendor retains the title and is not to part with it until the property is fully paid for, when he is to execute a deed.

MECHANICS' LIENS—INTERESTS IN PROPERTY SUBJECT TO.—Under sections 1183 and 1192 of the Code of Civil Procedure, the interest of the owner or other person having or claiming any interest in the land, no matter what that interest may be, whether legal or equitable, is subject to mechanics' liens.

ID.—KNOWLEDGE OF IMPROVEMENT—NOTICE OF NONRESPONSIBILITY—CONSTITUTIONALITY OF CODE SECTIONS.—Sections 1183 and 1192 of the Code of Civil Procedure are not to be construed as making the person in possession of the property or the reputed owner the agent of the real owner, and therefore unconstitutional, as depriving the real owner of his property against his will, but declare that an owner or person having any interest in the property who has knowledge of an improvement being constructed on his land and who permits the improvement to be made and received the benefit of it must pay for it.

ID.—CLAIM OF LIEN—CONTENTS.—Section 1187 of the Code of Civil Procedure only requires a statement in a claim of a lien as to when the work was to be done, and when the price was payable, if they were agreed upon, and the insertion of the name of the owner or reputed owner only when it is known to the claimant.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Wellborn, Judge.

The facts are stated in the opinion of the court.

Hocker, Morris & Austin, for Appellants.

Frank L. Borden, for Respondent.

LORIGAN, J.—Defendant on February 25, 1914, being the owner of a tract of land in Los Angeles, entered into a written contract to sell it to E. L. Barrett on the installment plan, with provisions for default in the payments and foreclosure. There were three small houses on the tract. Barrett was put in possession of the property and shortly afterward employed the plaintiff, without notice to or the knowledge of defendant, to wreck the three houses and from the materials thereof and new material to erect a larger house on the lot. Plaintiff completed the construction of the house and Barrett having failed to pay him the contract price, he filed a mechanic's lien on the premises and afterward brought this action to foreclose it. On the trial a witness—Mr. Griffin—testified that he called at the office of the defendant Wilson about the time the cement basement for the new house on the lot was completed and told him about its construction, and within a few days afterward he again visited the office of defendant and informed him that they were tearing down the old buildings for the purpose of using the materials in the construction of a new one on the cement foundation. Defendant denied having any conversation with Griffin or that he had any knowledge of any improvement made on the lot until long after it had been finished, but the court found that he knew the building was being erected and that defendant Barrett intended to erect said building. He further testified that he had not caused or authorized Barrett to make this improvement, and this was not contested by the plaintiff.

Judgment decreeing a lien and foreclosure thereof was entered in favor of plaintiff against the lot and from this judgment defendant appeals. The liability of the property of the defendant to a mechanic's lien is based on the terms of sections 1183 and 1192 of the Code of Civil Procedure, particularly the latter section, which provides that every building constructed upon land with knowledge of the owner, or person having or claiming any interest in the land, shall be held to have been constructed by the owner or such other person and be subject to a lien for such construction unless the owner or person shall, within ten days after obtaining knowledge of said construction, give notice that he will not be responsible for the same by posting a written notice on the property and recording a verified copy of it with the recorder.

The principal contentions of the appellant for a reversal are that the sections referred to have no application to him, because he was not the owner of the property when the improvement was made; that under the contract between himself and Barrett the latter became in equity the owner of the land, defendant only retaining a vendor's lien on it; that the plaintiff had notice before he commenced the erection of the building of the existence of these facts; and that whether he had such knowledge or not the vendor's lien which existed in favor of the defendant was paramount to any mechanic's lien which the plaintiff might attempt to assert. It is further contended that the claim of lien filed is defective.

While it is true that for some purposes under a contract of sale of land the vendee is treated as the owner of the land and the vendor as having but a lien upon it as security for the unpaid portion of the purchase money, this rule has no application so as to defeat the assertion of a lien under the mechanic's lien law of this state. Nor is it true, as claimed by appellant, that having contracted for the sale of the property to Barrett he held but a vendor's lien upon it. On the contrary, he had no such lien. Under his agreement for the sale of the property to Barrett he retained the title and was not to part with it until the property was fully paid for, when he was to execute a deed. Under these circumstances a vendor's lien does not exist. Such a lien exists only when the owner of property under the agreement selling it parts with the legal title to it and has only a claim to the unpaid amount of the purchase price therefor. It is clear that under the terms of the contract and sale here defendant parted with no title and he could not be the owner of the property and at the same time have a lien upon it.

Several cases, involving the construction of sections 1183 and 1192 as to the liability of the owner where improvements were made upon property under contract of sale by a third party at the instance of a vendee, without the actual consent of the vendor but with his knowledge of their being made, and without notice of nonliability posted and recorded, are cited, in which it was held that the interest of the owner is subject to a lien unless after knowledge of the improvements notice of liability is given. In those cases no such distinctions as appellant endeavors to draw now were presented, but exemption from liability on other grounds somewhat similar was

made and denied. (*Ah Louis* v. *Geung Hong*, 140 Cal. 500;
[74 Pac. 41] ; *Gentle* v. *Britton*, 158 Cal. 328, [111 Pac. 9] ;
*Pacific Lumber Co.* v. *Wilson*, 6 Cal. App. 561, [92 Pac.
654].) The important ruling in these cases is that the liabil-
ity does not exist by virtue of any general rule of agency, but
by virtue of the terms of sections 1183 and 1192, which make
the person in charge of the improvement the agent of the
owner for the purposes of liability under the lien law unless
the owner gives notice of nonliability after knowledge of the
improvement. Independent, however, of these cases and tak-
ing the proposition as presented now for the first time, we
think it entirely without merit. In the code section there is
no limitation as to the interest which shall be subject to the
lien. The section is general and comprehensive, making the
interest of the owner or other person having or claiming any
interest in the land, no matter what that interest may be,
whether legal or equitable, subject to the mechanic's lien law.
We perceive no legal reason why this construction of the sec-
tion is not proper.

It is contended by appellant that if the sections are to be
construed as making the person in possession of the property
or the reputed owner the agent of the real owner, the sections
are to that extent unconstitutional, citing the case of *Santa
Cruz Rock etc. Co.* v. *Lyons*, 117 Cal. 212, [59 Am. St. Rep.
174, 48 Pac. 1097]. That case is not in point either as ap-
plied to the sections here under consideration or in principle.
If, as in the Santa Cruz case, the legislature had simply de-
clared that the person in charge of the improvement was to be
deemed the agent of the owner to authorize the creation of a
lien against the interest of the real owner, there would be
ground for contending that the section was unconstitutional
as depriving the real owner of his property against his will.
But the sections in question here do not so provide. They
declare that an owner or person having an interest in property
who has knowledge of an improvement being constructed on
his land and who permits the improvement to be made and
receives the benefit of it must pay for it. If he does not de-
sire the improvement, having knowledge that it is being made
without his authority, he can relieve himself from all liability
by giving notice of nonresponsibility as provided in the sec-
tions. This involves only a matter of good conscience and
fairness, and if the actual owner does not give that notice

when he has knowledge of the improvement being made to the benefit of his property, he is deemed to have authorized it, and will be liable for its value to the extent of his interest in the land. The law does not interfere with any substantial right of the actual owner. It simply adopts and applies the just and equitable rule of estoppel.

It is further contended by appellant that the court failed to find on the issue joined by him as to the knowledge of the plaintiff of the existence of the vendor's lien in favor of the defendant on the property. But the complete answer to this contention of appellant is that he did not have a vendor's lien, and necessarily the court could not find on the subject.

The last point made by appellant is as to the validity of the claim of lien which was filed. This requires but short notice. The objection of appellant is that the claim of lien names no one as the owner or reputed owner of the property, nor does it state when the work was to be done nor when the price was to be paid. Section 1187 of the Code of Civil Procedure only requires a statement in the claim of lien as to when the work was to be done, and when the price was payable, if they were agreed on, and the insertion of the name of the owner or the reputed owner only when it is known to the claimant. It does not appear from the evidence that there was any agreement as to when the work was to be done, or payment for it to be made, or that when he filed the claim of lien the plaintiff knew the name of the owner or reputed owner of the lot. "The plaintiff is only required to state names mentioned (owner, etc.), if known. If the names are not known, the claim filed is sufficient if it is silent on the subject." (*West Coast etc.* v. *Newkirk*, 80 Cal. 277, [22 Pac. 231].) "The name of the owner, or reputed owner, is not presumably within the knowledge of the claimant." (*Corbett* v. *Chambers*, 109 Cal. 178, 185, [41 Pac. 873].) "Where the time of payment is not stated 'the presumption of the law is that no time was given.'" (*McClain* v. *Hutton*, 131 Cal. 132, 137, [61 Pac. 273, 63 Pac. 182, 622].)

The judgment appealed from is affirmed.

Wilbur, J., and Melvin, J., concurred.